**UNITED STATES of America,
Appellee,**

v.

**Sam UMANS, Appellant.
No. 344, Docket 30168.**

United States Court of Appeals
Second Circuit.

Argued April 14, 1966.

Decided Oct. 27, 1966.

John S. Allee, Michael W. Mitchell, Bernard W. Nussbaum, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., Southern District of New York, for appellee.

Edward Brodsky, William Esbitt, New York City, for appellant.

Before LUMBARD Chief Judge, WATERMAN and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

Certain taxpayers took deductions on income tax returns for items of travel, entertainment, and the like, in excess of sums that could be substantiated. Appellant, a certified public accountant, then entered into arrangements with auditing employees of the Internal Revenue Service by which appellant made surreptitious cash payments to the employees and, upon audit, the employees disallowed a lesser portion of the deductions than should have been disallowed. Appellant was named a defendant in 24 counts of a 27 count indictment. In nine of these counts he was charged with aiding and abetting codefendants, Internal Revenue Service agents, in receiving illegal fees, compensations and rewards for the performance of their duties, in violation of 26 U.S.C. § 7214(a) (2) and 18 U.S.C. § 2; in three with giving money to various codefendant Internal Revenue Service agents during the year 1963, in violation of 18 U.S.C. § 201(f); in nine other counts with giving money to the various agents with intent to influence their official acts during the years 1961 and 1962, in violation of 18 U.S.C. § 201; and in three other counts, which set forth the same acts that allegedly violated 18 U.S.C. § 201(f), with corruptly giving money to various agents of the Internal Revenue Service with intent to influence their official acts during the year 1963, in violation of 18 U.S.C. § 201(b). After a jury trial in the United States District Court for the Southern District of New York, Murphy, J., he was convicted on all 24 counts and sentenced to two years' imprisonment on each count, the sentences to run concurrently.

Eight issues have been presented for appellate consideration.

First, appellant maintains that the trial court committed prejudicial error when it did not instruct the jury that in order to convict appellant on the nine counts charging the aiding and abetting of violations of 26 U.S.C. § 7214(a) (2) one of the elements of the crimes necessary to be proved was criminal intent. It is not entirely clear whether appellant is maintaining that the charge was deficient as to appellant's intent to aid and

abet or that it was deficient relative to the Internal Revenue Service agents' intent to commit the crime. But we note that no objection as to either was made to the charge as given, and no request for a further charge as to anyone's intent was made to the trial court before the jury retired. Therefore, unless there was a charge so deficient that we must consider it to be "plain error" no objection to the charge will be here countenanced. See Fed.R.Crim.P. 30, 52(b).

■ With reference to Umans's intent to aid and abet the commission of the nine crimes, the charge given was proper. It followed the standard laid down in Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 770, 93 L. Ed. 919 (1949) quoting L. Hand, J., in United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938) that the defendant "in some sort associate himself with the venture, that he participate in it as something he wishes to bring about, that he seek by his action to make it succeed." Further, the jury convicted Umans on other counts that involved the same incidents, and as to those counts the jury was instructed that to find him guilty he must have made the payments with "an intent on the part of the defendant to corruptly influence the employee as to the audit then pending before him." Under these circumstances, we find no inadequacy in the charge as to the need of proof of Umans's intent to aid and abet.

■ The trial court's charge did not include any instructions that proof of the criminal intent of Internal Revenue Service agents to commit the crimes they committed in violation of 26 U.S.C. § 7214(a) (2) was necessary in order to convict Umans of having committed the crimes he was charged with having committed in aid thereof. This was error, as one's criminal intent is a necessary element of the proof required to convict under that statute. In United States v. Byrd, 352 F.2d 570, 572 (2 Cir. 1965) such an omission in a charge was held by this court to be plain error requiring reversal of a conviction despite the absence of an objection at trial. It is also a necessary element of the proof needed to convict one who aids and abets a violation. See United States v. Jones, 308 F.2d 26, 32 (2 Cir. 1962).

We do not consider the omission here, however, sufficiently prejudicial, in the absence of an objection at trial, to require reversal of Umans's convictions on these counts. The agents whose criminal acts Umans was charged with aiding and abetting were prosecuted together with him in the same indictment with him, prior to Umans's trial had pleaded guilty to having committed the crimes, had testified for the Government at Umans's trial, and had admitted their guilt on the stand in the jury's presence. The jury knew the agents had the required criminal intent from the agents' own testimony.

■ Appellant next claims that, as he had been convicted for committing the same criminal acts under 18 U.S.C. § 201 (b) on the one hand, and, on the other, under § 201(f), and had also been convicted for the same criminal acts on the one hand under 26 U.S.C. § 7214(a) (2), and, on the other, under 18 U.S.C. § 201, he had been, in both instances, convicted of having committed mutually inconsistent crimes.

It appears that in both claimed inconsistent instances one of the two statutes requires proof of an extra element to convict, a specific intent to influence official action, while the other statute only requires proof that payment was made to an agent in a situation where no payment was necessary.[1] There are no con-

---

1. Umans claims inconsistency between 26 U.S.C. § 7214(a) (2) which contains no element of intent on the part of a person bribing a public official, and a provision which does require an intent to influence an official decision, 18 U.S.C. § 201 (as effective until January 20, 1963).

26 U.S.C. § 7214(a) (2) reads as follows:

§ 7214. Offenses by officers and employees of the United States

(a) Unlawful acts of revenue officers or agents.—Any officer or employee of the United States acting in connection

tradictory elements of required proof between the two statutes; only additional elements of proof.

■ Moreover, there is no merit to appellant's contention that counts under § 201(f) charge appellant with paying

with any revenue law of the United States—

\* \* \* \* \*

(2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty;

\* \* \* \* \*

shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

18 U.S.C. § 201 (as effective until January 20, 1963) reads as follows:

§ 201. Offer to officer or other person

Whoever promises, offers, or gives any money or thing of value, or makes or tenders any check, order, contract, undertaking, obligation, gratuity, or security for the payment of money or for the delivery or conveyance of anything of value, to any officer or employee or person acting for or on behalf of the United States, or any department or agency thereof, in any official function, under or by authority of any such department or agency or to any officer or person acting for or on behalf of either House of Congress, or of any committee of either House, or both Houses thereof, with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined not more than three times the amount of such money or value of such

thing or imprisoned not more than three years, or both.

Umans also claims inconsistency between 18 U.S.C. § 201(f) (which became effective January 21, 1963) and which contains no element of intent to influence an official act, and a provision which does require such intent, 18 U.S.C. § 201 (b).

18 U.S.C. § 201(f) (which became effective January 21, 1963) reads as follows:

(f) Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official;

\* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

18 U.S.C. § 201(b) reads as follows:

(b) Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

(1) to influence any official act; or

(2) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty,

\* \* \* \* \*

Shall be fined not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States.

**730**

the agents "properly" to perform their duties; the section makes it criminal to pay an official a sum which he is not entitled to receive regardless of the intent of either payor or payee with respect to the payment. United States v. Irwin, 354 F.2d 192, 198 (2 Cir. 1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L. Ed.2d 308 (1966). Therefore, the correct relationship between § 201(b) and § 201(f) is that § 201(f) is a lesser included offense of § 201(b). There is no reason to believe that Congress intended that there should be concurrent convictions and sentences under both sections, and we should not allow multiple convictions based on the same transactions even where the sentences are concurrent. The sentences on the lesser § 201 (f) counts therefore are vacated. This will have no effect upon appellant's term of imprisonment because the vacated sentences are concurrent with those remaining in force.

Appellant also claims prejudicial error because the trial court rejected his requested charge to the jury that he must be acquitted if the jury found that he was coerced by the revenue agents into making the payments he paid them. The trial court rejected this instruction because he found "not one scintilla of evidence in the case with regard to a shakedown." Our examination of the record confirms this conclusion, and we approve the forthright action of the court below in refusing to give the requested immaterial charge.

In three instances Umans did not pay the Internal Revenue agents until after they had completed their audits on the tax returns in issue, and, as to these payments, Umans claims there is no evidence in the record that the payments were made with intent to influence the agents, as required under 18 U.S.C. § 201 and § 201(b). This claim is without merit. Not only may Umans's similar acts involved in the other counts be considered with reference to his intent in making these three payments, United States v. Baneth, 155 F.2d 978, 980 (2 Cir. 1946), but there is evidence in the record that indicates that in each of the three instances an arrangement or understanding with the agent had been arrived at, with payment to follow audit.

Appellant requested the trial judge to inspect the grand jury minutes. The request was refused. Because none of the government witnesses at the trial were witnesses before the grand jury, appellant claims that the trial judge should have inspected the minutes of the grand jury proceedings in order to determine whether there was testimony to support the indictment and whether there were inconsistencies between the testimony before the grand jury and that at trial. Appellant claims that the judge's failure to comply with his request was an abuse of discretion. There is no merit to this claim. The Government reveals that the indictment was based upon testimony of an Internal Revenue agent who summarized for the grand jury the contents of various affidavits of the witnesses who later testified at appellant's trial. While the grand jury testimony was not made available to appellant, these affidavits were furnished to him, and, even if the grand jury minutes had been turned over, the material therein would have added nothing to appellant's arsenal of information. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), allows the Government to obtain indictments based on hearsay evidence.

While we are not condemning the procedure used here before the grand jury, we think it not amiss for us to state that excessive use of hearsay in the presentation of government cases to grand juries tends to destroy the historical function of grand juries in assessing the likelihood of prosecutorial success and tends to destroy the protection from unwarranted prosecutions that grand juries are supposed to afford to the innocent. Hearsay evidence should only be used when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge. Appellant's claim of inconsisten-

cies between grand jury and trial testimony is based on United States v. Borelli, 336 F.2d 376 (2 Cir. 1964), cert. denied sub nom. Mogavero v. United States, 379 U.S. 960, 85 S.Ct. 647, 13 L.Ed.2d 555 (1956), which holds that the defendant is entitled for impeachment purposes to know about inconsistencies between the grand jury and trial testimony of trial witnesses. However, this claim was not raised by appellant at trial, and, even if it were, the claim has no merit, for appellant had the affidavits upon which the grand jury testimony was based.

 Appellant maintains that he was prejudiced because statements of government witnesses were not turned over to him pursuant to his request under the Jencks Act, 18 U.S.C. § 3500. These statements were sealed by the court. We have examined these sealed statements and find that they relate to payments received by the government witnesses from persons other than appellant, and the material not furnished to appellant in no way related to him. During the trial appellant cross-examined the government witnesses extensively as to their dealings with other persons. In each instance the witness admitted accepting money from other taxpayers' representatives. Since questions on cross-examination calling for details of other instances of bribery for which the witness had been indicted might properly have been excluded at trial, United States v. Irwin, 354 F.2d 192, 198 (2 Cir. 1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966), appellant was not prejudiced by the unavailability of the statements for impeachment purposes. None of the government witnesses were asked on direct examination about payments to them by persons other than appellant, and the withheld material did not directly relate to the subject matter of the witnesses' direct testimony. Under these circumstances, production was not required by the Jencks Act and the court's order sealing the statements was proper.

Appellant raises the question of the propriety of his being charged with aiding and abetting a violation of 26 U.S.C. § 7214(a) (2) so as to preserve that question for the consideration of the United States Supreme Court in the event of an appeal. He does not urge it before this court, conceding that our opinion in United States v. Kenner, 354 F.2d 780 (2 Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966), resolves the issue against him.

Appellant's final point that 18 U.S.C. § 201(f) is void for vagueness need not be considered by us for we have vacated his convictions under that section on other grounds.

The judgment below should be affirmed except for the judgment of conviction upon the three counts charging violation of 18 U.S.C. § 201(f), which is ordered vacated.