**UNITED STATES of America,**
**Appellee,**

v.

**Jorge GONZALEZ, Appellant.**

**No. 491, Docket 31365.**

United States Court of Appeals
Second Circuit.

Argued June 6, 1967.

Decided June 22, 1967.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City), for appellant.

John S. Allee, New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Michael W. Mitchell, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Gonzalez was convicted in the District Court for the Southern District of New York by Judge Weinfeld, sitting without a jury, on six counts charging violations of statutes relating to narcotics. The first two counts concerned a sale of 9 grams of cocaine on May 21, 1964, in violation of 21 U.S.C. §§ 173, 174 and 26 U.S.C. §§ 4705(a) and 7237(b). Two more related to a sale of 21 grams of cocaine on June 4, 1964, in violation of the same two sets of statutes. The last two concerned receiving, concealing and facilitating the transportation and concealment of 6 grams of cocaine on July 16, 1964, in violation of 21 U.S.C. §§ 173, 174, and possessing, dispensing and distributing the same drugs not in or from the original stamped package in violation of 26 U.S.C. §§ 4701, 4703, 4704(a), 4771 (a) and 7237(a). The judge imposed concurrent five-year sentences on each count.

The sole ground of appeal is the alleged invalidity of the indictment as to the first four counts on which Gonzalez was convicted. The only witness before the grand jury was a narcotics agent who, although involved in the happenings of July 16, had no personal knowledge of the events of June 4 and was merely a surveiling agent on May 21, but gave the grand jurors no inkling of his limited testimonial capacity. Gonzalez argues, as the appellant did unsuccessfully in United States v. Payton, 363 F.2d 996 (2 Cir.), cert. denied, 385 U.S. 993, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966), that United States v. Costello, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), should not be extended to include a case like this where the Government had no need to rely on hearsay evidence before the grand jury, and certainly not to one where the witness in effect concealed the hearsay nature of his information,[1] he urges that the court reconsider *Payton*, particularly in light of the grant of certiorari to review United States v.

Umans, 368 F.2d 725, 730 (2 Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), and follow the dissenting opinion in the former case.

We find it unnecessary to consider these contentions in view of the fact that the concurrent sentences given Gonzalez are for the minimum term required on his conviction by the judge on the concededly valid count of having violated 21 U.S.C. §§ 173, 174 on July 16, 1964. See Lawn v. United States, 355 U.S. 339, 359, 362, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). We are unimpressed by the argument that we should nevertheless be concerned with the convictions on the first four counts since convictions on the last two alone, which did not charge a sale, would entail a lesser social stigma. Cf. United States v. National Plastikwear Fashions, Inc., 368 F.2d 845 (2 Cir. 1966).

Affirmed.

---

1. The indictment here antedated the discussion of this subject in the *Payton* and *Umans* cases, cited in the text, of which we were told the Government has taken heed.