**UNITED STATES, Appellant,**

v.

**Stanley C. WAGONER, Appellee.**

**No. 7192.**

District of Columbia Court of Appeals.

Argued Oct. 16, 1973.

Decided Jan. 14, 1974.

Lee Cross, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and William S. Block, Asst. U. S. Attys., were on the brief, for appellant.

William W. Taylor, III, Washington, D. C., appointed by this court, with whom Robert M. Weinberg, Washington, D. C., was on the brief, for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This government appeal presents the question whether an indictment may be dismissed because it was based exclusively on a transcript of sworn testimony before an earlier grand jury. The original indictment for carnal knowledge of a 14-year-old girl (D.C. Code 1973, § 22-2801) was returned in the United States District Court, that court then having subject matter jurisdiction over such offenses. D.C. Code 1973, § 11-502. The indictment was subsequently dismissed since appellee, who was 17 at the time of the offense, was a child as defined by D.C. Code 1973, § 16-2301, and subject to the jurisdiction of the Family Division of the Superior Court. Had appellee been indicted for forcible rape he would have lost the status of a child and the District Court would have had jurisdic-

tion to try him. *See* D.C. Code 1973, § 16–2301. Subsequent to the transfer of jurisdiction over § 22–2801 offenses to the Superior Court (*see* D.C. Code 1973, § 11–502), another grand jury received before it and had read aloud the transcript of testimony as presented before the earlier District Court grand jury. That transcript contained the sworn testimony of the victim as to being forcibly raped by Wagoner[1] and the corroborative testimony of the victim's mother and a police officer.[2] Based on the reading of the transcript and the victim's adopted written statement, that body returned the indictment which is the subject of this appeal. It charged forcible rape and carnal knowledge (D.C. Code 1973, § 22–2801), and taking indecent liberties (D.C. Code 1973, § 22–3501(a)). We reverse and order reinstatement of the indictment.

In granting the motion to dismiss, the trial judge's opinion states, *inter alia*:

It is undisputed that testimony was presented to a District Court Grand Jury with respect to this case only on the issue of whether or not a carnal knowledge indictment should be returned.
. . .

The trial judge reiterated that the only testimony before the Superior Court grand jury was the transcript of the testimony given before the previous District Court grand jury. We assume he acknowledged that the adopted written statement of the victim was a part of the "transcript" even though it was not retyped by the reporter. The report is physically present in the grand jury record. Rejecting the government's contention that the present indictment was justified because hearsay is sufficient to sustain the validity of an indictment, the judge stated that "the circumstances here are such that the hearsay testimony must be regarded as inadequate."

In explanation of this statement, the judge declared that the court was not only dealing with hearsay but "double hearsay." The judge further supported his dismissal by stating:

On the critical issue of whether force was used in this offense, there was no sworn testimony before the District Court grand jury because the issue of force was never presented to that grand jury. . . . [T]he Superior Court grand jury had before it essentially only the bare statement of the complaining witness. Under the circumstances, neither grand jury had an opportunity for examination of a witness on the critical issue of force: the first grand jury because forcible rape was not one of the charges presented to it, and the second grand jury because no direct witness appeared before it. . . .

First, the trial court's observation that the testimony before the first grand jury was limited to the carnal knowledge charge is incorrect as well as irrelevant. There was no limitation of issues or offenses in the presentation of evidence to the first grand jury. However, even if the prosecution urged consideration of only one of a number of chargeable offenses, such limited urging does not bind that body or another grand jury considering the same testimony. Moreover, the statement of the victim, read to the first grand jury in her presence and affirmed by her orally under oath, unquestionably recites the details of two acts of forcible rape.

As to the judge's conclusion that the hearsay and double hearsay evidence was inadequate, the government contends that, in light of Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the validity of an indictment based on hearsay testimony may not be challenged. In *Costello*, the Supreme Court

1. Part of her testimony consisted of adopting an earlier written statement which she gave to the police. That statement was read to both grand juries.

2. The officer's testimony included a recitation of the substance of the medical examination report.

noted that the Fifth Amendment does not "prescribe" the type of evidence that must be brought before the grand jury. It further recognized that an indictment should not be quashed when challenged for incompetent evidence. The Court also observed: "The same thing is true where as here all the evidence before the grand jury was in the nature of 'hearsay.'"[3]

■ We think it is significant that in *Costello* the Court used the phrase, "in the nature of 'hearsay.'" It is well recognized that grand jury proceedings are not adversative in nature such that rules of evidence, including proscription of hearsay to ensure cross-examination, are applied.

■ It is interesting to note that there appears to be but one case in the federal courts requiring sworn testimony for a valid indictment. *See* United States v. Coolidge, 25 Fed.Cas. 622 (No. 14,858) (C.C. Mass.1815). Neither the Federal Rules of Criminal Procedure, the Superior Court Criminal Rules, nor the Fifth Amendment requires sworn testimony. Fed.R.Crim.P. 6(c) and Super.Ct.Crim.R. 6(c) contemplate merely that the foreman or deputy foreman may administer oaths and affirmations. Subsection (e) of the above-mentioned rules speaks of "matters occurring before the grand jury" though it also acknowledges that testimony may be heard in such matters. Indeed, since an indictment may be founded on documentary evidence alone, it may not be necessary that the "grand jury [have] an opportunity for examination of a witness" as the trial court judge seems to have believed.

Moreover, in *Costello*, the Court stated:

An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. . . . [350 U.S. at 363, 76 S.Ct. at 409; footnote omitted.]

■ We do not mean to imply by reference to this passage in *Costello* that cases permitting an attack on the indictment for want of evidence have been ignored or eschewed. Mr. Justice Burton, in his concurring opinion, 350 U.S. at 364, 76 S.Ct. 406, urged the possibility of a too-broad approach in that declaration. Moreover, subsequent cases have recognized that under certain circumstances an indictment may be vulnerable to attack for lack of substantial evidentiary basis.[4] However, this case does not present such a problem. In the ultimate analysis the trial judge's quarrel was with the form of the evidence or testimony presented to the second grand jury. His decision was colored by reference to an erroneously assumed limitation imposed on the first grand jury restricting consideration to a single offense not requiring proof of force.

■ It is our holding that the manner by which the testimony before the first grand jury was presented to the second grand jury was not deficient. It follows that the indictment called for trial on the merits.

Reversed with instructions to reinstate the indictment.

3. Costello v. United States, *supra* at 363, 76 S.Ct. at 408.

4. United States v. Estepa, 471 F.2d 1132 (2d Cir. 1972); United States v. Leibowitz, 420 F.2d 39 (2d Cir. 1969); United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968), cert. denied, 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed. 2d 227 (1969); United States v. Umans, 368 F.2d 725 (2d Cir. 1966); State v. Costa, 109 N.J.Super. 243, 262 A.2d 917 (1970).