**UNITED STATES, Appellant,**

v.

**Jerome B. DOUGLAS, Appellee.**

**No. 8638.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1974.

Decided Dec. 19, 1974.

Donald E. Robinson, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Harry R. Benner, Asst. U. S. Attys., were on the brief, for appellant.

Edward Terrar, appointed by this court, for appellee.

Before KELLY and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

This government appeal from dismissal of an indictment is the product of intractability by both prosecution and defense counsel (not counsel on appeal) and the trial court judge. Our order to reinstate the indictment can do no more than make the best of the unfortunate situation and prevent its repetition.

The indictment charged a single count of assault with intent to commit robbery. D. C.Code 1973, § 22–501. The victim is a college student who visited this city during a respite from her studies in Boston, Massachusetts. As the trial date approached, she had made arrangements to appear even though postponement of a final examination was required.

The day before the scheduled date, defense counsel stated to the prosecutor that he was unprepared for trial since the accused had refused to contact him for trial preparation. Why counsel did not earlier report this to the court or to the District of Columbia Bail Agency, which supervised the accused while on bail, is not revealed. This is, lamentably, where things began to go awry.

Since defense counsel was going to request a continuance, the prosecutor, assuming it would be granted (the second misstep), notified the victim not to make the apparently needless trip from Boston. Thus, the government was likewise unprepared.

The trial court judge denied defense counsel's request, observing his failure to make it in advance under Super.Ct.Cr.R. 111, which requires such requests to be made at least two days before the trial date. When all the circumstances were explained by both counsel (defense counsel commendably attempting to take the blame), the trial judge dismissed the indictment without prejudice to reindictment. He stated: "Gentlemen, I don't sit here for counsel and the United States Attorney to run my court."

The government did not seek reindictment, but appealed to this court—a step of doubtful wisdom, since it would have been faster and far more efficient to bring the accused to trial on a new charge rather than embroil this court for a six months' period in a calendar management problem better solved by planning and common sense. Presumably, reindictment would have been a simple matter. *See, e. g.,* United States v. Wagoner, D.C.App., 313 A.2d 719 (1974).

In light of the foregoing, it is appropriate to inquire what good was to be accomplished by the dismissal. In doing so, we harken to a statement of the Supreme Court:

[Dismissal] is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial . . . .. [Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L. Ed.2d 101 (1972) (footnote omitted.)]

We find nothing which can justify the trial court's action. To march up the hill and back down by means of reindictment (which is possible even if the government lost on appeal) is most burdensome and wasteful. Dismissal could not even be justified as an effective and just means of exercising calendar control—the point which brought about the judge's display of pique.

We find no basis for the dismissal and very little in taking the appeal since, in

any event, reindictment is possible. Nonetheless, because this opinion may aid the bar in trial preparation and the bench in meaningful calendar management in the future, we issue it along with our judgment directing reinstatement of the indictment. United States v. Mack, D.C.App., 298 A.2d 509 (1972).

In doing so, we note the importance that Rule 111, *supra,* has in calendar management. It is a rule all counsel must obey whenever possible. Here, defense counsel should not have waited until the day of trial to announce his predicament. Enforcement of that rule by dismissal of the indictment in this case hardly advanced its purpose. There are, after all, other effective means short of dismissal, with resultant burdens from reindictment, to realize the purpose of Rule 111. Inexcusable failure to comply with that rule can be made the subject of disciplinary proceedings, and, perhaps in grievous cases, contempt proceedings.

Reversed and remanded with directions to reinstate the indictment.