**UNITED STATES of America**

v.

**Nat SCHLESINGER, Defendant.**

**No. 78CR 40(S).**

United States District Court,
E. D. New York.

Sept. 20, 1978.

David G. Trager, U. S. Atty., E.D.N.Y., by Douglas K. Mansfield, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Harold R. Tyler, Patterson, Belknap, Webb & Tyler, New York City, for defendant.

**MEMORANDUM AND ORDER**

PLATT, District Judge.

Following a jury verdict of "guilty" on a charge of obstruction of justice (18 U.S.C. § 1510), defendant moves pursuant to Rule 29 of the Federal Rules of Criminal Procedure to set aside the verdict against him on the ground that the superseding indictment returned against him by a different grand jury than the one which returned the first indictment was based on insufficient evidence.

Defendant does not contend that the evidence, albeit hearsay, underlying the first indictment was less than adequate, nor does defendant now argue (although he did during the trial) that the "correction" made by the second grand jury was anything more than the elimination of surplusage from the second Count of the first indictment which incorporated by reference the allegations of the first Count.

At the outset of the trial on the first indictment the Government advised the Court[1] that it intended to try the defendant on the substantive charge contained in Count Two and did not intend to offer evidence on Counts One and Three of the indictment. In view of the fact that Count Two incorporated by reference all of the allegations contained in Count One, the Court suggested that such incorporation by reference be stricken as surplusage since it believed that a reading to the jury of the allegations in the stricken Count One as part of Count Two would be prejudicial to the defendant. Defense counsel, however,

---

1. The Government had advised defendant's attorney of its intention to proceed to trial only on the second Count a week before the trial.

maintained that the Court could not amend the indictment by removing the same. In order to resolve this, the Government offered to obtain during the lunch recess a superseding indictment which would be identical to Count Two but would eliminate the surplus incorporation by reference allegations contained in Count One.

In the luncheon recess the Government proceeded to present to a new grand jury (i. e., one that had not returned the original indictment) evidence consisting of the original indictment, a summary of the evidence presented to the original grand jury and transcripts of the testimony before the original grand jury.

Thereafter, at the insistence of the defense counsel, the Court inspected the grand jury minutes and entertained and denied a motion from the defendant to dismiss the superseding indictment, after researching and examining the applicable cases.

The defendant contends that the superseding indictment must be dismissed because there was "no evidence, hearsay or otherwise", before the grand jury which voted the superseding indictment, only "the prosecutor's unsworn description of the testimony of witnesses before a different grand jury" which presentation, the defendant claims, violates the constitutional guarantee that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on the presentment or indictment of a Grand Jury".

Defendant's contention on this point is not completely correct. It is true that the prosecutor summarized the first and third counts of the original indictment, read the second Count, summarized the testimony of the three Government witnesses who had testified before the first grand jury, and marked the prior indictment for identification. He did not read verbatim the testimony of the three Government witnesses or call any of them to the witness stand although one or more of them was available. In answer to a question by the Court at the trial, however, the Government's attorney advised that he left with the grand jury the transcripts of the Government witnesses' testimony for their use in their deliberations.

■ The transcripts were, unquestionably, competent[2] evidence, and they were not made incompetent by the fact that the prosecutor neglected to mark them as "exhibits" so long as they were available to and in possession of the grand jury during the course of their deliberations, which they indisputably were. Whether in fact they were actually used by the grand jury in whole or in part could be ascertained only by an inquiry into the deliberative process of the grand jury which this Court does not believe is warranted given the facts in this particular case.

Defendant further contends that since the transcripts were at best hearsay evidence and first-hand testimony was readily available, the indictment must be dismissed under *United States v. Arcuri,* 282 F.Supp. 347 (E.D.N.Y.), *aff'd* 405 F.2d 691 (2d Cir. 1968), *cert. denied* 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969).

*United States v. Bertolotti,* 529 F.2d 149 (2d Cir. 1975), appears to be the complete answer to both the first and the second contention of the defendant herein. In that case, as in this case, on the day the trial was set to begin the Government went before a second grand jury to obtain a superseding indictment to put in testimony with respect to the participation of one of the twenty-nine defendants named in the first indictment which had not been given to the first grand jury. When the government agent was before the grand jury he "merely supplemented" his previous testimony and did not reiterate the same. The defendants there argued that "the second grand jury never considered the earlier testimony of Rossi (the government agent) and that, therefore, the denial by the trial judge of the motion to dismiss the indictment as based on insufficient evidence was erroneous." In affirming the trial judge's denial the Court of Appeals held that it was suffi-

2. The evidence was competent, at least, before a grand jury.

cient that the transcripts of the agent's prior testimony had been presented to the second grand jury.

█ In the last analysis, as indicated by *Bertolotti,* we must not lose sight of what is involved in this particular case. The Government was willing to dismiss the first (conspiracy) and third (accessory after the fact) Counts in the original indictment against the defendant and to proceed only on the second Count and in connection therewith requested the elimination of the (possibly prejudicial to the defendant) additional allegations of conspiracy from the second Count. No one argues that the "incorporation by reference" language in the second Count was anything but surplusage and all agree that the excess language could have been stricken by the Court with no necessity for a superseding indictment. *United States v. Sir Kue Chin,* 534 F.2d 1032 (2d Cir. 1976); *United States v. McClean,* 528 F.2d 1250 (2d Cir. 1976); *United States ex rel. Epton v. Nenna,* 446 F.2d 363 (2d Cir. 1971). Apart from such deletion, not a single word in the second Count was changed. In other words, the defendant was concededly properly indicted by the first grand jury; the charges contained in the first Count of the first indictment were being dropped by the Government and were concededly surplusage to the second Count in such indictment; and the second grand jury was asked to return and did return an indictment containing the second Count of the first indictment without such surplusage on the basis of the testimony given before the first grand jury. To dismiss the second indictment under such circumstances on the grounds now urged by the defendant would merely place form over substance and ignore reality. This, the Court will not do.

Accordingly, defendant's motion must be, and the same hereby is, denied in all respects and defendant should appear for sentencing on Friday, September 29, 1978 at 10:00 A.M.

SO ORDERED.