ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* DANIEL BAUGH
BREWSTER

[Misc. Docket (Subtitle BV) No. 7, September Term, 1976.]

*Decided June 21, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ., and JERROLD V. POWERS, Associate Judge of the Court of Special Appeals, specially assigned.

*L. Hollingsworth Pittman, Bar Counsel,* for petitioner.

*Richard W. Emory* for respondent.

SMITH, J., delivered the opinion of the Court. MURPHY, C. J., dissents and filed a dissenting opinion at page 480 *infra.*

We shall here hold that although Daniel B. Brewster, a member of the Bar of this Court and a former United States Senator from Maryland, stands convicted of accepting an illegal gratuity, because this is not a crime involving moral turpitude and the petition for disciplinary action filed under Maryland Rule BV9 charged him only with conviction of a crime involving moral turpitude, the petition must be dismissed.

A petition seeking disciplinary action was filed by the Attorney Grievance Commission after Mr. Brewster was convicted in the United States District Court for the District of Columbia on one count of accepting an illegal gratuity in violation of 18 U.S.C. § 201 (g). The conviction came after submission of a plea of *nolo contendere.* The Court imposed a fine of $10,000, thus ending almost six years of litigation in the federal courts.

The incidents giving rise to this prosecution took place in 1967 in connection with Mr. Brewster's then forthcoming campaign for reelection to the United States Senate. He was originally indicted and charged in the United States District Court for the District of Columbia with five counts of bribery in violation of 18 U.S.C. § 201 (c) (1). This indictment was dismissed on constitutional grounds by that court in 1970, but in 1972 the Supreme Court reversed and remanded the case for further proceedings. *United States v. Brewster,* 408 U. S. 501, 92 S. Ct. 2531, 33 L.Ed.2d 507 (1972). Pursuant to that decision Mr. Brewster was tried on three counts of the original bribery indictment. A jury found him not guilty of bribery in violation of 18 U.S.C. § 201 (c) (1). However, under a ruling by the trial judge that acceptance of an illegal gratuity under 18 U.S.C. § 201 (g) is a lesser included offense of the bribery charge, the jury, based on conflicting evidence, found Mr. Brewster guilty of accepting an illegal gratuity on all three counts of the indictment. The United States Court of Appeals for the District of Columbia held that the trial judge failed to adequately instruct the jury on the distinction between the acceptance of an illegal gratuity and the acceptance of political campaign contributions. *United States v. Brewster,* 506 F. 2d 62 (D.C. Cir. 1974). Accordingly, it reversed the conviction and remanded the case for a new trial. On June 25, 1975, on remand, Mr. Brewster entered a plea of *nolo contendere* to one count of the indictment charging acceptance of an illegal gratuity in violation of 18 U.S.C. § 201 (g).

Thereafter, the Attorney Grievance Commission instituted these disciplinary proceedings. We ordered that the matter be transmitted to the Circuit Court for

Washington County and that Judges Irvine H. Rutledge, James S. Getty, and Frederick C. Wright, III, conduct a hearing and submit their findings and recommendations to this Court. *See* Rule BV9 b.

In *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 553, 318 A. 2d 811 (1974), we held "that when a member of the bar is shown to be willfully dishonest for personal gain by means of fraud, deceit, cheating or like conduct, absent the most compelling extenuating circumstances, ... disbarment follow[s] as a matter of course." Rule BV10 e provides that a plea of *nolo contendere* is tantamount to conviction for the purposes of disciplinary proceedings. We made the specific observation in *Agnew* relative to conduct not involving the practice of law:

> "The professional ethical obligations of an attorney, as long as he remains a member of the bar, are not affected by a decision to pursue his livelihood by practicing law, entering the business world, becoming a public servant, or embarking upon any other endeavor. If a lawyer elects to become a business man, he brings to his merchantry the professional requirements of honesty, uprightness, and fair dealing. Equally, a lawyer who enters public life does not leave behind the canons of legal ethics. A willful and serious malefaction committed by a lawyer-public servant brings dishonor to both the bar and the democratic institutions of our nation, and its destructive effect is thereby magnified." *Id.* at 550-51.

In the instant case, the Attorney Grievance Commission did not develop any of the underlying circumstances of the commission of the offense. It presented no evidence before the three-judge panel but relied on Mr. Brewster's plea of *nolo contendere*, arguing that the offense of accepting an illegal gratuity constituted moral turpitude on its face and that disbarment should therefore follow as a matter of course in light of the *Agnew* holding. Mr. Brewster, on the

other hand, argued that the offense of accepting an illegal gratuity, as distinguished from bribery, did not involve moral turpitude and thus that the rule of the *Agnew* case did not apply. The three-judge panel held that the offense of accepting an illegal gratuity "viewed in the light of contemporary campaign financing, did not in this case constitute moral turpitude." The panel did find, however, that "based upon his plea Mr. Brewster was guilty of misconduct" and, therefore, recommended that he receive a reprimand. The Commission excepted to the recommendation of the three-judge panel, arguing that the crime of accepting an illegal gratuity does involve moral turpitude. Mr. Brewster took no exceptions to the recommendation.

The statute under which Mr. Brewster was convicted, 18 U.S.C. § 201 (g), also known as "acceptance of an illegal gratuity," provides as follows:

> "Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him . . . [shall be guilty of an offense]."

This section of the statute is complemented by 18 U.S.C. § 201 (f), which makes the donor of such gratuities also guilty of an offense. Several courts have discussed the meaning of this statute, although they have not been entirely in accord on its precise reach. *United States v. Brewster, supra*, 506 F. 2d 62 (D. C. Cir. 1974); *United States v. Harary*, 457 F. 2d 471 (2d Cir. 1972); *United States v. Barash*, 412 F. 2d 26 (2d Cir.), *cert. denied*, 396 U. S. 832 (1969); *United States v. Umans*, 368 F. 2d 725 (2d Cir. 1966), *cert. dismissed*, 389 U. S. 80 (1967); *United States v. Irwin*, 354 F. 2d 192 (2d Cir. 1965), *cert. denied*, 383 U. S. 967 (1966).

In *Irwin* the court said of 18 U.S.C. § 201 (f):

> "[W]hat Congress had in mind was to prohibit an individual, dealing with a Government employee in the course of his official duties, from giving the employee additional compensation or a tip or gratuity for or because of an official act already done or about to be done.
>
> "The awarding of gifts thus related to an employee's official acts is an evil in itself, even though the donor does not corruptly intend to influence the employee's official acts, because it tends, subtly or otherwise, to bring about preferential treatment by Government officials or employees, consciously or unconsciously, for those who give gifts as distinguished from those who do not. The preference may concern nothing more than fixing the time for a hearing or giving unusually prompt consideration to the application of a donor while earlier applications of non-donors are made to wait, even though there is no evidence that the donor sought the particular preference." *Id.* 354 F. 2d at 196.

The same court which decided *Irwin* said in *Umans:*

> "[T]he section makes it criminal to pay an official a sum which he is not entitled to receive regardless of the intent of either payor or payee with respect to the payment." *Id.* 368 F. 2d at 730.

In *Brewster* the United States Court of Appeals for the District of Columbia observed that under the interpretation of the Second Circuit in *Umans* "it is difficult to see how section (f) or (g) can state a criminal offense as applied to an elected public official." It stated that it disagreed with *Umans* and held that some criminal intent was necessary under the statute, 506 F. 2d at 73 n. 26. However, the court did note that, unlike bribery, acceptance of an illegal gratuity required no "corrupt" intent:

> "The requisite intent to constitute accepting a

> bribe is to accept a thing of value 'corruptly' under section (c) (1); the comparable intent under the gratuity section (g) is to accept a thing of value 'otherwise than as provided by law for the proper discharge of official duty.' ... [T]he two comparative clauses are not equivalents. . . . 'Corruptly' bespeaks a higher degree of criminal knowledge and purpose . . . ." *Id.* 506 F. 2d at 71.

Moreover, the District of Columbia Circuit in *Brewster* noted that under the bribery section the acceptance of the consideration must be "in return for" the official's "being influenced in his performance of any official act," while under the illegal gratuity section the official's acceptance of the gratuity need not be for the purpose of influencing his official acts. The court stated:

> "The bribery section makes necessary an explicit *quid pro quo* which need not exist if only an illegal gratuity is involved; ... [in the crime of accepting an illegal gratuity] the official act for which the gratuity is given might have been done without the gratuity, although the gratuity was produced because of the official act." *Id.* 506 F. 2d at 72.

The court, after commenting on the difficulty of the task, went on to distinguish between acceptance of an illegal gratuity and the acceptance of campaign contributions.

Unlike the situation which prevails with reference to legislative history of enactments of the Maryland General Assembly, one normally finds legislative history of Congressional enactments which may aid substantially in statutory interpretation. In this instance the legislative history found in 1962 *U.S. Code Cong. & Ad. News* 3852 gives not the slightest hint of what the Congress intended when it enacted 18 U.S.C. § 201 (g). In the light, therefore, of the interpretation of the illegal gratuity statute by the United States Courts of Appeal in the previously discussed cases, we agree with the three-judge panel that Mr. Brewster's *nolo contendere* plea should not be regarded as a

conviction of a crime involving moral turpitude. In this regard it must be specifically borne in mind that he was acquitted of bribery by a District of Columbia jury.

In full, the charging portion of the "petition" states:

> "That your Petitioner specifically represents and charges that the Respondent, in violation of Disciplinary Rules 1-102, 9-101(C), and 8-101, Code of Professional Responsibility, Rule 1230, Appendix F, Maryland Rules of Procedure, did unethically and unprofessionally, enter a plea of nolo contendere to a crime involving moral turpitude, to wit: 'Unlawful Gratuity,' as defined in 18 U.S.C.A. Sec. 201 (g), for which he was sentenced to pay a fine of $10,000, as will more fully appear by reference to a certified copy of docket entries in Criminal Case 1872-69, United States District Court for the District of Columbia, entitled United States of America v. Daniel B. Brewster, et al., attached hereto as a part hereof."

Although reference was made to a violation of three rules, the scope of the petition and the proceedings against Mr. Brewster were actually quite narrow. Because the charging document referred solely to illegal conduct *involving moral turpitude*, Mr. Brewster was required to defend only with respect to an alleged violation of DR 1-102 (A) (3) ("A lawyer shall not engage in illegal conduct involving moral turpitude."); he was given no notice of charges with respect to any of the other five subsections of DR 1-102. Moreover, at no time has Bar Counsel contended in argument, petition, or exception that the conduct of Mr. Brewster was subject to disciplinary action under any of the other five subsections of DR 1-102.

An analogy to the criminal law explicitly illustrates why Mr. Brewster was put on notice only with respect to DR 1-102 (A) (3). Maryland Code (1957, 1970 Repl. Vol., 1976 Cum. Supp.) Art. 66½, § 11-902, in four separate subsections proscribes driving (a) while intoxicated, (b) while driving ability is impaired by consumption of alcohol,

(c) under the influence of drugs or combination of drugs and alcohol, and (d) under the influence of any controlled dangerous substance. If, for example, a person were merely charged with "violating Section 11-902," as is permitted pursuant to Article 66½, § 16-104, in the absence of obtaining particulars (see Md. Rule 715), he could be convicted for a violation of *any* of the subsections. However, if the charging document specified that the person "did drive or attempt to drive while in an intoxicated condition," he could not be found guilty of violating subsection (d), even if it were proved at trial that he had driven under the influence of marihuana, regardless of whether the document referred to § 11-902 generally or to subsection 11-902 (a) specifically.

Although the petition alleges violations of DR 9-101 (C) and DR 8-101, neither the panel nor this Court has ever been informed as to what conduct of Mr. Brewster amounts to a violation of these rules. Therefore, any reliance upon those rules as a basis for discipline has been abandoned.

Lawyers are not second-class citizens. They are as much entitled to due process of law and fundamental fairness as other citizens. See *In re Ruffalo*, 390 U. S. 544, 550-51, 88 S. Ct. 1222, 20 L.Ed.2d 117 (1968), and *Bar Ass'n v. Cockrell*, 274 Md. 279, 286-87, 334 A.2d 85 (1975). It thus follows that since the crime here involved was not one involving moral turpitude, there has been no notice of charges with respect to any of the subsections of DR 1-102 other than that involving moral turpitude, and there having been no evidence adduced or specification as to the manner in which Mr. Brewster may have violated DR 9-101 (C) and DR 8-101, the petition for disciplinary action must be dismissed.

*It is so ordered.*

*Murphy, C. J., dissenting*:

I agree with the majority that the crime of which respondent Brewster stands convicted does not involve moral turpitude and does not warrant disbarment. I cannot agree with the majority, however, that since the crime does

not involve moral turpitude, the disciplinary petition must be dismissed.

Brewster was convicted of violating 18 U.S.C. § 201 (g) and sentenced to pay a fine of $10,000. In view of the conviction, the disciplinary petition filed by Bar Counsel specifically charged Brewster with violating Disciplinary Rules 1-102, 8-101, and 9-101 (C), which read:

"DR 1-102 Misconduct.

"(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

"DR 8-101 Action as a Public Official.

"(A) A lawyer who holds public office shall not:

(1) Use his public position to obtain, or attempt to obtain, a special advantage in legislative matters for himself or for a client under circumstances where he knows or it is obvious that such action is not in the public interest.

(2) Use his public position to influence, or attempt to influence, a tribunal to act in favor of himself or of a client.

(3) Accept any thing of value from any person when the lawyer knows or it is obvious that the offer is for the purpose of influencing his action as a public official."

"DR 9-101 Avoiding Even thè Appearance of Impropriety.

\* \* \*

"(C) A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official."

Having charged a violation of these Disciplinary Rules, the petition characterized the crime of which Brewster was convicted as one "involving moral turpitude."

The majority erroneously holds that "the petition for disciplinary action filed under Maryland Rule BV9 charged ... [Brewster] only with conviction of a crime involving moral turpitude ...." It says that the charging document "referred solely to illegal conduct involving moral turpitude," and as a consequence Brewster was required to defend only with respect to an alleged violation of DR 1-102 (A) (3) ("A lawyer shall not engage in illegal conduct involving moral turpitude."). The majority holds that Brewster was given no notice of charges with respect to any of the other Disciplinary Rules and that Bar Counsel failed to inform him "as to what conduct of ... [his] amounts to a violation of these rules."

The majority has in effect held that, notwithstanding the recitals in the petition that Brewster's conviction constituted a violation of DR 1-102, 8-101, and 9-101 (C), these charges were wiped out, subsumed by, or merged into the sole specification of DR 1-102 (A) (3) — that a lawyer shall not "[e]ngage in illegal conduct involving moral turpitude." In so concluding, I think the Court has too narrowly read the allegations of the disciplinary petition and placed a hyper-technical construction on its content. As a consequence, it has gutted the disciplinary petition of its central allegations without any valid reason.

This indeed was a simple disciplinary proceeding. A lawyer had been convicted of a crime and his guilt of the offense was beyond challenge at the disciplinary hearing. See Maryland Rule BV10 e 1. The disciplinary petition filed

by Bar Counsel was required by Rule BV9 c to be "sufficiently clear and specific reasonably to inform the attorney proceeded against of any misconduct charged . . . ." As heretofore indicated, in view of Brewster's conviction, the disciplinary petition charged him with specified violations of the Disciplinary Rules and averred that the crime was one which involved moral turpitude. Whether the crime actually involved moral turpitude or not was not the full measure of the charges specified in the petition, and neither Brewster, nor the three-judge panel which heard the charges, thought that it was. No evidence was adduced other than the fact of the conviction and the panel below therefore found no violation of DR 8-101 or 9-101 (C). It did conclude, however, that the crime of which Brewster was convicted did constitute misconduct, as charged, but did not involve moral turpitude — a conclusion with which Brewster even now does not disagree. At no time in the proceedings below, or before us, has Brewster ever suggested that he had no knowledge of, or was not charged with, the full range of disciplinary violations specified in the petition.

The conclusion reached by the majority in this case is plainly at odds with the result reached in *Attorney Grievance Commission of Maryland v. Walman*, 280 Md. 453, 374 A. 2d 354 (1977). In that case, an attorney had been convicted of wilful failure to file his federal income tax return in violation of 26 U.S.C. § 7203. The disciplinary petition against him charged:

"That the Respondent, in violation of DR 1-102 (A) (3), (4), (5) and (6), did unethically and unprofessionally engage in illegal conduct involving moral turpitude, did engage in conduct involving dishonesty, fraud, deceit or misrepresentation, did engage in conduct that is prejudicial to the administration of justice, did engage in conduct that adversely reflects upon his fitness to practice law, in that Respondent willfully failed to file a federal income tax return for the calendar year 1968, and as a result thereof was indicted by the United States Grand Jury for the District of

Maryland, to which he pled 'guilty' and was sentenced, by the United States District Court for the District of Maryland . . . ."

A divided Court there held that the crime of which the attorney was convicted did not involve moral turpitude. It did not, however, dismiss the petition; rather it suspended the attorney on the ground that his conviction constituted misconduct under DR 1-102 (A) (5) and (6) "prejudicial to the administration of justice" and which "adversely reflect[ed] on . . . [the attorney's] fitness to practice law."

The only real difference between this case and *Walman* is that, in the latter, the disciplinary petition quoted verbatim the subsections of DR 1-102 alleged to have been violated, whereas here, the petition charged a violation of these same subsections but did not quote their content. To conclude, as the majority apparently does, that this is a distinction of substance is to exalt form over substance to a degree certain to cause grief to the legal profession and to the public interest.

I think a finding of misconduct violative of DR 1-102 (A) (5) and (6) is plainly indicated in this case. An appropriate sanction, in my view, would be suspension from the practice of law for a six-month period.