## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. ALLEN B. SPECTOR

[Misc. (BV) No. 16, September Term, 1980.]

* * *

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. MAURICE ROCHE WYATT

[Misc. (BV) No. 17, September Term, 1980.]

*Decided April 16, 1982.*

The causes were argued before SMITH, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, JR., C. AWDRY THOMPSON and EDWARD O. WEANT, JR., Associate Judges of the Court of Special Appeals, specially assigned.

*Glenn M. Grossman, Assistant Bar Counsel,* for petitioner.

*Paul Mark Sandler* for respondent Allen B. Spector. *H.*

*Russell Smouse* and *George F. Pappas* for respondent Maurice Roche Wyatt.

SMITH, J., delivered the opinion of the Court.

Once again we are involved in the unpleasant task of disciplining Maryland lawyers.

Bar Counsel, acting on behalf of the Attorney Grievance Commission, filed petitions with us seeking disciplinary action against Allen B. Spector and Maurice Roche Wyatt upon the basis of their convictions of bribery. They already stand suspended from the practice of law in this State until the further order of this Court. An order to that effect was entered pursuant to Maryland Rule BV16 subsequent to their convictions in the trial court. The facts are recounted in *Spector v. State,* 289 Md. 407, 425 A.2d 197, *cert. denied,* 452 U.S. 906 (1981).

Pursuant to Rule BV9, we designated the Honorable Walter R. Haile of the Circuit Court for Baltimore County to hear the charges. He has filed with us identical findings of fact and conclusions of law in each case. These findings state in relevant part:

## "FINDINGS OF FACT

"It was proved conclusively by clear and convincing evidence that the Respondent committed the crimes of bribery in violation of Article 27, Section 23, Annotated Code of Maryland and was convicted thereof within the meaning of Rule BV 10 e. There is clear and convincing evidence that the convictions are final. It is a proven fact that in the proceedings in the Criminal Court of Baltimore, the trial judge found, beyond a reasonable doubt, that in each of the three cases against the Respondent the monies which passed from Judge Spector through Mr. Wyatt to Mr. Noren were made pursuant to a corrupt agreement or agreements and constituted briberies offered and accepted. *Spector and State,* Supra, at page 416.

The Court of Appeals found there was ample evidence in the record to sustain each and every finding of fact made by the trial judge. The judgments of conviction were affirmed.

## "CONCLUSIONS OF LAW

"The Respondent, through counsel, argued from facts proven at the criminal trial, that he was not convicted of a crime of moral turpitude because a conviction of bribery does not necessarily mean there is moral turpitude, if all he did was to offer illegal gratuities as in the case of *Attorney Grievance Commission v. Brewster,* 280 Md. 473.

"The Respondent contends that the State did not prove at the criminal trial the existence of a specific quid pro quo from Noren to Spector and Wyatt in return for the three checks and that without an explicit quid pro quo, no moral turpitude is involved. Counsel for Petitioner replied that all of the facts at the criminal trial clearly permit the inference of a corrupt intent, in that the sums in question were paid by Spector and Wyatt to Noren to influence him in the performance of his duties as an Assistant Attorney General of Maryland, and that the money was received by Noren with the same intent. As the trial judge found, beyond a reasonable doubt, it is a fact that the monies which passed from Judge Spector through Mr. Wyatt to Mr. Noren were made pursuant to a corrupt agreement or agreements and constituted briberies offered and accepted, as charged, in violation of Section 23 of Article 27 of the Code which provides in pertinent part:

'If any person shall bribe or attempt to bribe . . . any officer or employee of the State . . . in order to influence any such officer or person in the performance of any of his official duties; and if . . . any officer or any employee of the State . . .

shall demand or receive any bribe . . . for the purpose of influencing him in the performance of his official duties, or for neglecting or failing to perform the same, every such person so bribing or attempting to bribe any of such officers or persons, and every such person so demanding or receiving any bribe . . . shall be deemed guilty of bribery . . . .'

"The bribery thus defined imports the notion of some specific quid pro quo for which the money is offered or accepted. The finding of the trial judge imports the notion of a specific quid pro quo."

No exceptions have been filed by Spector. Wyatt, on the other hand, excepts to the findings of fact "that it was proved conclusively that he committed the crimes of bribery" and that "monies which allegedly passed from Allen Spector through [him] to Donald Noren were made pursuant to a corrupt agreement or agreements and constituted briberies offered and accepted." Wyatt likewise has excepted to the conclusions of law, asserting that no corrupt agreement "has been proved in the proceedings herein" and that "there was no quid pro quo which existed or which was found herein; nor does the record support any such finding or conclusion."

In *Spector* we said:

"We agree with the Fifth Circuit in [*United States v. L'Hoste,* 609 F.2d 796 (5th Cir.), *cert. denied,* 449 U.S. 833 (1980),] that what is required under our statute, as in Louisiana, is to show the payment involved, 'not as a *quid pro quo* for specific action, but with the intent to influence the conduct of the public servant in relation to his position, employment, or duty [,] . . . [an] inquiry [which] is a broader one than the inquiry presented by the West Virginia statute [in *United States v. Arthur,* 544 F.2d 730 (4th Cir. 1976),] and that [Maryland] designates as bribery conduct that may well be lawful in West Virginia.' *Id.* at 609 F.2d 807-08." 289 Md. at 433.

Moreover, in *Spector* we concluded our analysis of the sufficiency of the evidence by stating:

"There was ample evidence to sustain each and every finding of fact made by the trial judge. He was correct in his statement that 'each specific incident or detail, in itself, cannot be considered separately. All incidents or details, considered cumulatively, are what matter.'

"In each instance here we have a developer aggrieved by the sewer moratorium who sought help from Spector who had not represented him previously. In each instance the record discloses virtually nothing done by Spector on behalf of his clients. Money was paid to Spector in each instance promptly after the developers represented by him were successful before the Board of Review. In each instance the fee was then very promptly shared by Spector with Wyatt and he in turn shared the fee with Noren. The record shows no work of a legal nature done by them on behalf of the clients. The developers had been unsuccessful until they sought help from Spector. There is no rational explanation for the series of events which here took place other than that the sums in question were paid by Spector and Wyatt to Noren to influence him in the performance of his duties as an Assistant Attorney General of Maryland and that the money was received by Noren with the same intent. All of the circumstances here clearly permit the inference of a corrupt intent. We find sufficient evidence to sustain the convictions." 289 Md. at 434.

Wyatt's reliance upon *Attorney Grievance Com. v. Brewster,* 280 Md. 473, 374 A.2d 602 (1977), is misplaced because Senator Brewster was found not guilty of bribery. Accordingly, Wyatt's exceptions are overruled.

We have consistently and repeatedly held that conduct involving moral turpitude will result in disbarment in the absence of compelling circumstances justifying a lesser

sanction. *See, e.g., Attorney Griev. Comm'n v. Gilland,* 293 Md. 316, 321-22, 443 A.2d 603 (1982); *Attorney Griev. Comm'n v. Burka,* 292 Md. 221, 225-26, 438 A.2d 514 (1981); *Attorney Griev. Comm'n v. Pine,* 291 Md. 319, 324, 435 A.2d 419 (1981); *Attorney Griev. Comm'n v. Kahn,* 290 Md. 654, 680-84, 431 A.2d 1336 (1981); *Attorney Griev. Comm'n v. Klauber,* 289 Md. 446, 459, 423 A.2d 578, *cert. denied,* 451 U.S. 1018 (1981); *Attorney Griev. Comm'n v. Barnes,* 286 Md. 474, 481, 408 A.2d 719 (1979); *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 529, 340 A.2d 710 (1975); *Maryland St. Bar Ass'n v. Kerr,* 272 Md. 687, 690, 326 A.2d 180 (1974); *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 553, 318 A.2d 811 (1974), and cases there cited. No compelling circumstances justifying a lesser sanction have been presented in either of the cases now before this Court. Thus, it follows that the sanction to be imposed is disbarment.

> *It is so ordered; each respondent shall pay all costs as taxed by the Clerk of this Court, including costs of all transcripts, pursuant to Maryland Rule BV15 c, for which sum judgment is entered in favor of the Attorney Grievance Commission against Allen B. Spector and judgment is likewise entered in favor of the Attorney Grievance Commission against Maurice Roche Wyatt.*