## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. DONALD H. NOREN

[Misc. (BV) No. 15, September Term, 1980.]

*Decided June 17, 1982.*

The cause was argued before SMITH, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, JR. and EDWARD O. WEANT, JR., Associate Judges of the Court of Special Appeals, specially assigned.

*Melvin Hirshman, Bar Counsel,* with whom were *Glenn M. Grossman* and *Kendall R. Calhoun, Assistant Bar Counsel,* on the petition, for petitioner.

No appearance by or on behalf of respondent.

SMITH, J., delivered the opinion of the Court.

Donald H. Noren is the third member of the trio that includes Allen B. Spector and Maurice Roche Wyatt. See *Spector v. State,* 289 Md. 407, 425 A.2d 197, *cert. denied,* 452 U.S. 906 (1981), and *Attorney Griev. Comm'n v. Spector,* 293 Md. 324, 443 A.2d 965 (1982).

Bar Counsel, acting on behalf of the Attorney Grievance Commission, filed a petition with us seeking disciplinary

action against Donald H. Noren upon the basis of his conviction of bribery along with Messrs. Spector and Wyatt. Noren already stands suspended from the practice of law in this State until the further order of this Court. An order to that effect was entered pursuant to Maryland Rule BV16 subsequent to his conviction in the trial court. The facts are fully recounted in *Spector v. State, supra.*

Pursuant to Rule BV9, we designated the Honorable Walter R. Haile of the Circuit Court for Baltimore County to hear the charges. He has filed with us a report which states in relevant part:

> "Respondent was served on January 4, 1982 in the State of Florida and the 60 days allowed for response has expired and a Decree Pro Confesso was entered on the motion of the Petitioner, with leave to the Petitioner to produce evidence it determines necessary to allow the Court to carry out its function under Maryland Rule BV 11 a.

> "The matter was set for hearing on March 29, 1982 at 9:30 a.m. and on March 16, 1982, the parties were sent a notice of that hearing. On the day of the hearing Glenn M. Grossman, Esquire and Kendall R. Calhoun, Esquire appeared as counsel for Petitioner. There was no appearance on behalf of the Respondent. However, on the day of the hearing the Court received from the Respondent, Donald H. Noren, a letter which is marked Defendant's Exhibit #1 and which speaks for itself. No witnesses were called by either party to testify. However, counsel for Petitioner introduced certified copies of the docket entries of Indictments #17934403, #17934406 and #17935509 in the case of *State of Maryland vs. Donald H. Noren,* which were received in evidence as Petitioner's Exhibits 1A, 1B and 1C. They also introduced into evidence copies of the indictments in the same cases which were received as Petitioner's Exhibits 2A, 2B and 2C.

## FINDINGS OF FACT

"This Court takes judicial notice of the case of *Spector v. State,* 289 Md. 407, as conclusive proof, by clear and convincing evidence that the Respondent committed the crimes of bribery in violation of Article 27, Section 23, Annotated Code of Maryland, and was convicted thereof within the meaning of Rule BV 10 e. The Respondent does not dispute that the convictions are final.

"It is a proven fact that in the proceedings in the Criminal Court of Baltimore City, the trial judge found, beyond a reasonable doubt, that in each of the three cases against Respondent the monies which passed from Judge Spector through Mr. Wyatt to Mr. Noren were payments pursuant to a corrupt agreement or agreements and constituted briberies offered and accepted. The Court of Appeals, after reviewing the evidence, found that there was ample evidence in the record to sustain each and every finding of fact made by the trial judge and the judgments of conviction were affirmed.

## CONCLUSIONS OF LAW

"The Respondent, through correspondence with the Court, asks in substance that he not be disbarred, proclaiming his innocence of any wrongdoing and stating that he is truly remorseful, that he has already paid too dearly as a result of the guilty verdicts, and that he has labored mightily since the trial to conduct himself properly and to restore himself to that level of trust he once enjoyed.

"It is concluded as a matter of fact, and of law, that the Respondent was thrice convicted of engaging in illegal conduct of moral turpitude and engaging in conduct involving dishonesty and in engaging in conduct prejudicial to the administra-

tion of justice. (Subparagraphs (3), (4) and (5) of Paragraph (A) of Disciplinary Rule 1-102). It is also concluded that the Respondent violated a Disciplinary Rule, viz: Disciplinary Rule 1-102. It is further concluded that there is no evidence that the respondent engaged in any conduct that adversely reflects on his fitness to practice law, other than the illegal conduct reflected by the evidence leading to his three convictions of bribery."

Bar Counsel recommended that this Court impose the sanction of disbarment. We had no response from Noren. However, we did set the matter for hearing in order to afford him an opportunity to be heard were he to so desire. He did not appear, nor did we hear from him. No doubt this was for the reasons set forth in his letter to Judge Haile which alluded to the fact that he "could not afford to employ or retain an attorney to represent [him] in these proceedings nor could [he] afford to be [present] in personam to speak or address the Court on [his] own behalf," stating that he "remain[ed] financially 'wiped out.'"

The crime of which Noren stands convicted is one involving moral turpitude. We have consistently and repeatedly held that conduct involving moral turpitude will result in disbarment in the absence of compelling circumstances justifying a lesser sanction. See, *e.g.*, *Attorney Griev. Comm'n v. Spector,* 293 Md. at 328-29, 443 A.2d at 967, and the numerous cases there cited. No compelling circumstances justifying a lesser sanction have been presented on Noren's behalf. Thus, it follows that the sanction to be imposed is disbarment.

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Donald H. Noren.*