673 A.2d 1356

### In the Matter of the REINSTATEMENT OF Maurice Roche WYATT.

**Misc. Docket (Subtitle BV) No. 58, Sept. Term, 1992.**

Court of Appeals of Maryland.

April 2, 1996.

Melvin Hirshman, Bar Counsel, for the Attorney Grievance Commission of Maryland, for petitioner.

Melvin J. Sykes, Baltimore, for respondent.

**118**

Argued before RODOWSKY, P.J., and CHASANOW, KARWACKI, BELL, RAKER, JJ., and McAULIFFE, Judge Retired and Specially Assigned, and FISCHER, Judge Specially Assigned.

## ORDER

RODOWSKY, Presiding Judge.

On April 16, 1982, the Court disbarred the petitioner, Maurice Roche Wyatt. *See Attorney Grievance Comm'n v. Wyatt*, 293 Md. 324, 443 A.2d 965 (1982). On February 24, 1993, the petitioner filed a petition for reinstatement. Thereafter, on March 11, 1993, the Court referred the petition to the Attorney Grievance Commission to conduct an appropriate investigation and to submit a report and recommendation as to whether petitioner should be reinstated.

On September 29, 1995, the Inquiry Panel and Review Board of the Attorney Grievance Commission filed in this Court separate reports in which the Inquiry Panel unanimously recommended that the petitioner be reinstated and the Review Board unanimously recommended against petitioner's reinstatement. Based on these reports, Bar Counsel on behalf of the Attorney Grievance Commission has recommended that, if the petitioner is reinstated, the petitioner should be required to attend the professionalism course. After the petitioner submitted a response urging that he be reinstated, the Court conducted a hearing on the matter.

The Court has carefully considered the arguments of counsel presented at the hearing as well as the report and recommendation of the Attorney Grievance Commission and the reports of the Inquiry Panel and Review Board.

The Court has also evaluated the essential factors to be considered in any reinstatement proceeding which are: (1) the nature and circumstances of the petitioner's original misconduct; (2) the petitioner's subsequent conduct and reformation; (3) the petitioner's present character; and (4) the petitioner's present qualifications and competence to practice law. *In re Braverman*, 271 Md. 196, 199–200, 316 A.2d 246 (1974); *Mat-*

*ter of Murray*, 316 Md. 303, 305, 558 A.2d 710 (1989). Upon a review of these factors, the Court, with a majority of the Court concurring, is satisfied that petitioner has made a clear and convincing showing of rehabilitation and of legal competence, borne out by his conduct over a long period of time. *Matter of Murray*, 316 Md. at 305.

Judge Bell is of the opinion that restoration of the petitioner's eligibility to practice law is required as a result of the petitioner's gubernatorial pardon. Accordingly, Judge Bell concludes that it is unnecessary for him to opine on the foregoing factors.

NOW, THEREFORE, it is this 2nd day of April, 1996,

ORDERED, by the Court of Appeals of Maryland that the petition for reinstatement be, and it is hereby, granted and the petitioner, Maurice Roche Wyatt, upon taking in open court and subscribing to the oath of attorneys required by Md.Code (1995), Business Occupations and Professions Article, § 10–212, is reinstated as a member of the Bar of Maryland under the following conditions:

1.   Pursuant to Rule 11 of the Rules Governing Admission to the Bar of Maryland, the petitioner shall satisfactorily complete the professionalism course to be given in the spring of 1996 by the Maryland State Bar Association.

2.   Petitioner shall pay the costs of these reinstatement proceedings amounting to $1,226.95.