UNITED STATES of America

v.

Fergus M. SLOAN, Jr., et al.,
Defendants.

No. 74 Cr. 859.

United States District Court,
S. D. New York.

Feb. 12, 1975.

Jerome Londin, Carro, Spanbock, Londin, Rodman & Fass, New York City, for Anderson.

Stanley S. Arkin, New York City, for Eucker.

Michael Rosen, Saxe, Bacon, Bolan & Manley, New York City, for Sloan.

Eleanor Jackson Piel, New York City, for Villani.

Butowsky, Schwenke & Devine, New York City, for Kilduff.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This criminal litigation arises out of the collapse of Orvis Brothers & Co., a New York securities brokerage firm and member of the New York and American Stock Exchanges. Defendant Sloan was the managing partner of Orvis and, as such, exercised overall responsibility for the company's operations. The other four defendants were all partners of Orvis and members of the firm's executive committee. The five defendants are accused in a multi-count indictment of conspiring to commit and actually committing numerous violations of the securities law of the United States. The pertinent statutes and regulations charged are 15 U.S.C. §§ 78g, 78h, 78j(b) 78q(a) and 78ff; 12 C.F.R. 220; 17 C.F.R. §§ 240.8c–1, 240.10b–5, 240.-17a–3, 240.17a–4, 240.17a–5.

All of the defendants have joined in a motion, primarily briefed by counsel for defendant Eucker, urging the dismissal of counts two through seven of the indictment. The defendants argue that the conduct charged in these six substantive counts do not constitute a violation of the statute and regulations in question. Alternatively, the defendants maintain that if the conduct charged does violate the statute, the counts must still be dismissed because of the bar of the statute of limitations. We hold that counts two through seven are barred by the statute of limitations, and therefore must be dismissed.

Counts two through seven charge the five defendants with the substantive crime of falsely making and maintaining certain records in violation of 15 U.S.C. § 78q(a) and the regulations thereunder, 17 C.F.R. § 240.17a–3 and 17 C.F.R. § 240.17a–4. On six separate occasions—each of them more than five years prior to the filing of the indictment—the defendants are accused of making false entries in books and records (required to be kept by the Securities and Exchange Commission) for the purpose of misrepresenting Orvis' financial condition.

15 U.S.C. § 78q(a) requires brokers and members of national securities exchanges to "make, keep, and preserve for such periods, such accounts, correspondence, memoranda, papers, books, and other records, and make such reports, as the Commission by its rules and regulations may prescribe . . . ." Regulation 17 C.F.R. § 240.-17a–3 lists the types of books and records which the SEC requires brokers to "make and keep current." 17 C.F.R. § 240.17a–4 lists the period of time such records must be preserved (either three or six years depending on the type of the record). For the purpose of this motion, we assume that counts two through seven deal with records within the purview of 15 U.S.C. § 78q(a) and its regulations.

The defendants first argument in support of their motion to dismiss is without merit. The defendants contend that

the conduct charged in the six counts do not amount to violations of the statute —15 U.S.C. § 78q(a). In essence, defendants argue that the statute only requires brokers to "make, keep and preserve" the records, and that it in no way proscribes the making of a false entry in a book or record which is then subsequently preserved.

■ This argument is specious, and, if accepted would completely undercut the purpose and value of the section and the regulations in question. The requirement that certain books and records be made clearly mandates that those records be made accurately and correctly. See, e. g. Sinclair v. SEC (2d Cir. 1971) 444 F.2d 399, 401; Stead v. SEC (10th Cir. 1971) 444 F.2d 713, 716, cert. denied 404 U.S. 1059, 92 S.Ct. 739, 30 L.Ed.2d 746; Loss, Securities Regulation, Vol. II, p. 1346 n. 215 (2d Ed. 1961). Indeed, in the *Sinclair* case, the Second Circuit stated that evidence of *falsification* of the names of executing brokers on certain order tickets "is so clearly a violation of § 17(a) of the 1934 Act [15 U.S.C. § 78q(a)] and regulations issued thereunder that it hardly deserves comments."

■■ Although it is clear therefore that counts two through seven do state a criminal offense, it seems equally apparent that prosecution for these charges is barred by the statute of limitations.

18 U.S.C. § 3282 provides that

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed."

It is undisputed that the Securities Exchange Act of 1934 does not "otherwise" provide a time period within which a violation of the statute must be charged. Hence, the five year statute of limitations is applicable. The issue upon which the defendants and the government disagree, however, is at what time the statute begins to run.

Defendants contend that the statute of limitations commenced upon the making of the specific false entry alleged in each of the six substantive counts at issue on this motion. All six of the entries were made between April 16, 1969 and August 28, 1969. Since the indictment was filed on September 10, 1974—more than five years after the making of each false entry—the defendants contend that the six counts are time-barred.

The government analyzes the problem differently. It contends that the defendants are charged not only with *making* false entries but also with *maintaining* the inaccurate records. Since 17 C. F.R. § 240.17a–4 requires that the records be properly maintained for either three or six years, the government reasons that the crime would not be complete until that required preservation period elapsed. The statute of limitations, therefore, would not commence to run according to this theory until after the period during which the records had to be preserved had expired. If the government's view were in fact the proper analysis, then none of the counts would be time-barred.

Were we writing on a clear slate, there might be merit in the government's position. However, we believe it to be foreclosed by Mr. Justice Black's opinion in Toussie v. United States (1970) 397 U.S. 112, 90 S.Ct. 858, 25 L. Ed.2d 156.

*Toussie* involved the question of when the statute of limitations began to run on the crime of failing to register for the draft. The applicable statute and regulations required that registration take place within a week of a young man's eighteenth birthday but, failing that, placed a continuing duty upon him to register until the age of twenty-six. In the case before the Court, the indictment had been filed just prior to the defendant's twenty-sixth birthday, and therefore while he was still under a continuing duty to register—a duty he was violating on a daily basis. Mr. Justice Black, speaking for the Court, ruled that since the defendant's

crime had been completed five days after his eighteenth birthday—on which day the government could have filed an indictment against him—the statute of limitations commenced to run on that day.

■ As we read Mr. Justice Black's opinion, it establishes the following rule with respect to continuing crimes like the one at bar: In all such crimes, the statute begins to run the moment the crime is sufficiently complete to enable the government to initiate prosecution. There are only two exceptions to this general rule: (a) when a defendant (or, in the case of conspiracy, one of his co-conspirators) thereafter engages in some "affirmative" action in furtherance of the crime; or (b) where time is extended by a statute which *specifically* refers to limitations of time. We deduce that meaning from the broad sweep of the opinion, and more particularly from footnotes 15 and 16, 397 U.S. 112, 120. 90 S.Ct. 858 on page 863.

■■ In the case at bar, there can be no question that the government could have commenced prosecution the day after the false entries were made. Since it is not suggested that (with respect to these particular crimes) the defendants took any affirmative action thereafter, and since there is no statutory extension specifically referring to limitations of time, it follows that these counts must be dismissed.

In conclusion we note that this ruling does not produce the incongruous result suggested by the government on oral argument. It was there suggested that if defendants had made true entries and thereafter destroyed them, they could only be prosecuted for failing to maintain, and would necessarily be subject to prosecution for the full six years ·the duty to maintain continued. Not so. Under Mr. Justice Black's reasoning, the government—in the situation supposed —could have initiated prosecution the moment the records were destroyed and the statute would have commenced to run on that day.

In summary, we find that the prosecution for the crimes charged in counts two through seven of the indictment is barred by the statute of limitations. Accordingly, those counts are dismissed.

So ordered.