UNITED STATES of America

v.

Otto E. PASSMAN.

Crim. No. 78–30013.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Sept. 29, 1978.

Jeffrey S. White and David R. Scott, U. S. Dept. of Justice, Washington, D. C., Edward L. Shaheen, U. S. Atty. and William L. Goode, Asst. U. S. Atty., Shreveport, La., for United States of America.

Camille F. Gravel, Jr., Gravel, Roy & Burnes, Alexandria, La., William W. Taylor, III, James Hamilton and David Ginsburg, Ginsburg, Feldman & Bress, Washington, D. C., for defendant.

---

1. On April 28, 1978, a second indictment was filed against Mr. Passman in the District of Columbia which was later consolidated with the March 31 indictment. This second indictment of April 28 is not at issue in this decision.

2. 18 U.S.C. § 201(c)(1) and (g) provide as follows:

(c) Whoever, being a public official or person selected to be a public official, directly or indirectly, corruptly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to re-

## RULING ON MOTIONS

VERON, District Judge.

A seven count indictment was filed in the District of Columbia on March 31, 1978 against Otto E. Passman. This case was subsequently transferred to the Western District of Louisiana. Otto E. Passman was a United States Congressman from the State of Louisiana from January 1947 until January 1977. This indictment charged Mr. Passman with violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 201(c)(1) (bribery), and 18 U.S.C. § 201(g) (illegal gratuity).[1]

The defendant filed two pre-trial motions on July 14, 1978. The first motion seeks to have the indictment dismissed because of the alleged unconstitutionality of 18 U.S.C. § 201(c)(1) and (g). The second motion seeks to have this court dismiss the indictment or compel election of counts of the indictment asserting multiplicity, double jeopardy, and danger of a compromise verdict by the jury.

Both motions considered herein are denied.

## I. MOTION TO DISMISS INDICTMENT

■ Mr. Passman argues that the indictment should be dismissed "because the statute under which such prosecution is being conducted, 18 U.S.C. § 201, applicable to all counts in said indictment, is overbroad and so general, vague and obscure that it fails to set any ascertainable standards by which guilt or innocence may be determined." (Defendant's Motion to Dismiss Indictment.) More specifically, the defendant asserts that 18 U.S.C. § 201(c)(1) and (g)[2] do

ceive anything of value for himself or for any other person or entity, in return for:

(1) being influenced in his performance of any official act; or . . .

(g) Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him; or

not meet constitutional muster as prescribed by the first and fifth amendments to the United States Constitution because they are both vague and overbroad and therefore violate due process of law and inhibit free speech. We are not aware of any case that has ever held § 201 unconstitutional on these grounds.

In the leading case of *United States v. Brewster*, 165 U.S.App.D.C. 1, 15–16, 506 F.2d 62, 76–77 (1974), the court explicitly upheld the constitutionality of 18 U.S.C. § 201(g).[3] This case involved the prosecution of a United States Senator who had been charged with violating 18 U.S.C. § 201(c) but convicted of violating 18 U.S.C. § 201(g). First, the court addressed the vagueness issue:

> Manifestly, then, the language of section 201(g), as authoritatively interpreted by the Supreme Court in its *Brewster* decision, "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." The section's standards are sufficiently explicit to prevent delegation of "basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Hence, section 201(g) is not impermissibly vague even under the standards applied to statutes governing the conduct of average citizens. That 201(g) is directed at the conduct of public officials, who should exercise extraordinary caution to avoid acts potentially violative of their public trust, makes us even more reluctant to accept the argument that the section is vague.[4]

Mr. Passman's assault on 18 U.S.C. § 201(c)(1) is predicated on the mistaken belief that the word "corruptly asks" or "receives" anything of value is an uncertain standard that makes it impossible to fix a standard of guilt. The courts have interpreted this language to require a specific intent and have determined that the words "corruptly", "value", and "influence" should be construed in their ordinary, everyday sense. See *United States v. Pommerening*, 500 F.2d 92, 97 (10th Cir. 1974), *cert. denied* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974); *United States v. Brewster*, 165 U.S. App.D.C. 1, 15–16, 506 F.2d 62, 76–77 (1974); *United States v. Irwin*, 354 F.2d 192, 197 (2d Cir. 1965), *cert. denied* 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1965).

The court in *United States v. Irwin, supra,* found it particularly fitting to distinguish the varying degrees of intent required by subsections b, c, d, and e of Section 201 and the lesser degree of intent required by subsections f, g, h, and i.

> The intent to influence, accompanying the corrupt giving or accepting of something of value, is an essential element of § 201(b, c, d, e) which Congress dealt with in separate subsections, and for the violation of each of which it attached severe penalties. No similar provisions concerning corrupt giving and specific intent to influence or induce were included in § 201(f, g, h, i), and the penalty provided for a violation of any of those subsections was much less severe. Obviously Congress made a distinction between the two groups of subsections and purposely omitted from the latter group the description of the specific intent which was an essential element of the former.

This last quoted paragraph should not be construed to mean that there is no requirement of mens rea in 18 U.S.C. § 201(g) but rather that it does require a general criminal intent. This point brings us to the argument that § 201 is constitutionally overbroad because it reaches legitimate activities that are guaranteed by the United States Constitution. The defendant argues that under § 201(g)[5] an elected official can

---

3. The court reversed the conviction on other grounds.

4. *United States v. Brewster*, 165 U.S.App.D.C. 1, 16, 506 F.2d 62, 77 (1974) (footnotes omitted).

5. 18 U.S.C. § 201(g) provides as follows:
   (g) Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks,

be convicted for receiving money given by a grateful constituent who is pleased by a vote that has already been made and that, as a result, the statute infringes on the first amendment rights of political speech and association. This argument ignores the tripartite distinction between guilt under § 201(c)(1), guilt under § 201(g), and innocence that was outlined in *United States v. Brewster*, 165 U.S.App.D.C. 1, 16–17, 506 F.2d 62, 78–79 (1974):

> Where the statute does cause great difficulty for a trial judge, a difficulty which we hold proved fatal to the conviction in this case, is that in addition to the problem of drawing a distinction between one definable offense and innocent conduct, where both offenses are charged a trial judge must also draw a tripartite distinction between conduct with the defined intent to constitute an offense under the bribery section (c), conduct with the requisite intent to constitute an offense under the gratuity section (g), and conduct with an intent which constitutes no offense at all.

Title 18 U.S.C. § 201(g) requires no element of *quid pro quo* ; nor does it require a specific intent. Section (g) does, however, require a mens rea. It is necessary that the Government prove that the defendant committed the act prohibited knowingly and not through accident or mistake. If an elected official receives campaign money given by a grateful constituent who is pleased by a vote that has already been made, then clearly there is no violation of subsection (g). However, if this grateful constituent attaches a note saying this is for your vote which you cast last week in favor of our labor bill which was pending before you, then subsection (g) would be applicable. The difference between the two hypotheticals is that in the first example the contribution was unrelated to an official act while in the second example the elected official knew that the contribution was due to an official act, and therefore

within the scope of 18 U.S.C. § 201(g). The court in *United States v. Brewster* recognized the dissimilar degree of intent:

> The defendant further argues that section 201(g) is unconstitutionally overbroad because it reaches legitimate campaign contributions, which arguably can be characterized as the sort of political, associational activity protected by the First Amendment. To the contrary, however, a public official's acceptance of a thing of value unrelated to the performance of any official act and all bona fide contributions directed to a lawfully conducted campaign committee or other person or entity are not prohibited by 201(g). *What is outlawed is only the knowing and purposeful receipt by a public official of a payment, made in consideration of an official act, for himself.* Congress has an indisputable interest in proscribing such conduct as a means for preserving the integrity of governmental operations. This interest supersedes any conceivable First Amendment value related to such conduct.

*Id.* at 77. (Emphasis added).

In light of the prevailing jurisprudence, which has explicitly upheld the constitutionality of 18 U.S.C. § 201, the defendant's attack must fail, and the motion to dismiss the indictment is therefore denied.

## II. MOTION BY DEFENDANT TO DISMISS OR TO COMPEL ELECTION OF COUNTS

■ Mr. Passman's instant motion seeks to have this court dismiss counts 2 through 7 of the indictment or in the alternative to compel the prosecution to elect the counts on which it wishes to proceed. The indictment which the defendant is charged with is broken down into seven counts. The first count of the indictment charges Mr. Passman with the commission of 18 U.S.C. § 371, which is conspiracy. Counts 2

---

accepts, receives, or agrees to receive anything of value for himself for or because of any

official act performed or to be performed by him; or

through 4 charge the defendant with 18 U.S.C. § 201(c)(1), which is the criminal statute on bribery. The last three counts (counts 5 through 7) charge the defendant with the same acts that he allegedly committed under counts 2 through 4 but under 18 U.S.C. § 201(g), which is the gratuity subsection of § 201.

The foundation of defendant's motion rests upon the supposition that to deny it would have the effect of placing the defendant in double jeopardy, subject him to the possible danger of a compromise by the jury, and result in an indictment that is multiplicious. The defendant's motion reads in pertinent part:

> . . . because those counts of that indictment are multiplications, and place the defendant in double jeopardy in that:
>
> 1) Counts 2 and 5 each allege the same offense in two counts;
>
> 2) Counts 3 and 6 each allege the same offense in two counts;
>
> 3) Counts 4 and 7 each allege the same offense in two counts;
>
> 4) Counts 2, 3 and 4 charge three parts of the same transaction, and thus the same offense, in three counts rather than three separate offenses;
>
> 5) Counts 5, 6 and 7 charge three parts of the same transaction, and thus the same offense, rather than three separate offenses.

After careful consideration of the memorandum submitted by counsel, a review of the authorities, and the benefit of oral argument we have determined that this motion must be denied.

## A. MULTIPLICITY

Multiplicity is often used in discussing criminal *joinder*. Multiplicity is the charging of the same offense in more than one count. 1 C. Wright, Federal Practice and Procedure § 142, p. 306 (1969) (footnotes omitted).

## 1. THE RELATIONSHIP OF COUNTS 2, 3 AND 4 TO COUNTS 5, 6 AND 7 OF THE INDICTMENT

The defendant asserts, and correctly so, that both Counts 2 and 5 of the indictment recite the same alleged transaction, involving the same $50,000.00 between Otto E. Passman and Tong Sun Park on the same date, April 11, 1973. In like manner, Counts 3 and 6 allege the same transaction involving the same $20,000.00 on the same date, June 11, 1973. Additionally Counts 4 and 7 allege the same transaction involving the identical $28,000.00 on June 13, 1973. Counts 2 through 4 charge violations of 18 U.S.C. § 201(c)(1) and Counts 5 through 7 charge violations of 18 U.S.C. § 201(g). The fact that defendant is charged twice with the same transaction does not mean he is necessarily being charged with the same *offense*. One act or transaction may violate two or more statutes and constitute independent offenses. *Morgan v. Devine*, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1914); *Burton v. United States*, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906); *Hattaway v. United States*, 399 F.2d 431 (5th Cir. 1968).

There is ample authority that the bribery counts under 18 U.S.C. § 201(c)(1) (Counts 2, 3 and 4) may be separate crimes composed of different elements from the three illegal gratuity counts under 18 U.S.C. § 201(g) (Counts 5, 6 and 7). See, e. g., *United States v. Brewster*, 165 U.S.App. D.C. 1, 6–7, 506 F.2d 62, 67–76 (1974). By charging the defendant under both subsections, the government is putting him on notice that he must defend against both. Depending upon the evidence presented at trial, the § 201(g) counts could be lesser included offenses under the § 201(c)(1) charges, but they also could be entirely distinct and not necessarily included offenses under § 201(c)(1). *United States v. Brewster, supra.*

Section 201 of Title 18 of the United States Code was designed to protect the public against public officials and those people who interact with these officials in a culpable manner. Certainly, there is a high

degree of overlap between the various subsections of § 201, but there is also dissimilarity and in some instances even inconsistencies between the subparts. The graphical analysis used in *United States v. Brewster, supra* at 67, may prove helpful at this point:

| Bribery Section (c)(1) | Gratuity Section (g) |
|---|---|
| (c) Whoever, being a public official [ ] or person selected to be a public official, directly or indirectly | (g) Whoever, being a public official, [former public official,] or person selected to be a public official, · |
| [A] corruptly | [A] otherwise than as provided by law for the proper discharge of official duty, directly or indirectly |
| asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself | asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself |
| [B] or for any other person or entity, | |
| [C] in return for: | [C] for or because of any official act performed or to be performed by him; |
| (1) being influenced in his performance of any official act; | |

A careful reading of the two subsections of § 201 makes it apparent that they vary in many ways. More specifically, subsection (c)(1) is broader than subsection (g) in that (c)(1) may be violated if the public official receives value for himself *or for any other person or entity*, while (g) requires that the official receive value for *himself.* (See comparative clause [B] above.) The differences in criminal intent have already been discussed in the first part of this decision, but a quick inspection of comparative clause [A] will illustrate that (c)(1) clearly requires a specific intent by the use of the word *corruptly* and subsection (g) would call for only a general mens rea. Although there are other differences between these two subsections, *United States v. Brewster, supra* at 68, one crucial clause for illustrative purposes is comparative clause [C]. Subsection (c)(1) requires a *quid pro quo,* value in return for being influenced in his performance of any official act. Subsection (g), on the other hand, applies to *any official act performed or to be performed by him.* This means that subsection (g) is not a necessarily lesser included offense. If subsection (g) is a lesser included offense, it need not be alleged in a separate count and, indeed, could prejudice the defendant if it were. Assuming that the evidence adduced at trial meets the requirements of *United States v. Whitaker,* 144 U.S.App.D.C. 344, 447 F.2d 314 (1971), then the parties may ask for a charge to the jury of a lesser included offense. But subsection (g) will not always be a lesser included offense of subsection (c)(1). For subsection (g) to always be a lesser included offense it would have to be a necessarily lesser included offense. In a necessarily lesser included offense the greater always subsumes the lesser. This means that every time you prove the greater offense you necessarily prove each and every element of the lesser included offense.

One offense is necessarily included in another if it is impossible to commit the greater without also having committed the lesser. Thus murder includes such lesser offenses as second-degree murder, manslaughter, and negligent homicide. Robbery necessarily includes larceny, and assault with intent to rob. Rape necessarily includes assault with intent to rape. Assault with a dangerous weapon includes simple assault. Theft of property in excess of $100 includes the lesser wrong of theft of property of value not exceeding $100. In each of these instances some of the elements of the greater crime charged are in themselves enough to constitute the lesser crime.

. . . The doctrine also does not apply if some element is required for the lesser offense but not for the greater. In this situation two different crimes are involved, and the lesser is not necessarily included in the greater, since it would be possible to commit the greater without also having committed the lesser.

2 C. Wright, Federal Practice and Procedure § 515 (1969) (footnotes omitted).

Subsection (g) is not a *necessarily* lesser included offense of subsection (c)(1) because there are some situations where proof of (c)(1) would not support a conviction under (g). For example, if there was a conviction

under (c)(1) for receiving anything of value for any other person or entity this would not support a conviction under (g) because that subsection requires that value be received for himself. (See comparative clause [B].)

Conversely, for a crime to be a *necessarily* lesser included offense, the lesser included offense must be able to serve as a predicate for a conviction of the greater offense in all cases. Here, again, subsections (g) and (c)(1) deviate in certain cases. A conviction under (g) for an act done prior to receiving value would not serve as a predicate for a conviction on (c)(1), because (c)(1) does not apply to prior acts. (See comparative clause [C].)

It is important to note that, in *United States v. Brewster*, 165 U.S.App.D.C. 1, 6–7, 506 F.2d 62, 67–76 (1974), the court of appeal had the benefit of all the facts developed at trial. It is impossible, at this stage in the proceedings, to declare the indictment multiplicious on these grounds. If the indictment subsequently becomes multiplicious, the defendant would not be precluded from relief.

An indictment or information charging the same offense in more than one count is multiplicious, but this also is not fatal and does not require dismissal of the indictment. Defendant may move to have the prosecution elect, and the counts will be consolidated and all but the one elected dismissed, but even this is discretionary with the court. The principal danger in multiplicity is that defendant will be given multiple sentences for the same offense. A remedy is available at any time if defendant is given multiple sentences.

2 C. Wright, Federal Practice and Procedure § 145 (1969) (footnotes omitted).

## 2. THE RELATIONSHIP OF COUNTS 2, 3, AND 4

Mr. Passman contends that Counts 2, 3, and 4 charge three parts of the same transaction, and thus the same offense, in three counts rather than three separate offenses. This position is incorrect and cannot be sustained for the following reasons.

As stated earlier, Counts 2 and 5 recite a transaction of April 11, 1973 involving the sum of $50,000.00. Counts 3 and 6 allege a transaction on June 11, 1973, and the payment of $20,000.00. Finally Counts 4 and 7 plead certain acts in connection with the receipt of $28,000.00 on June 13, 1973.

The bribery statute, 18 U.S.C. § 201, is drafted so that a violation occurs each time a thing of value is passed to a public official. *United States v. Anderson*, 165 U.S. App.D.C. 390, 411, 509 F.2d 312, 333 (1974). These statutes are designed to prevent abuse of governmental power. The transactions alleged in the indictment, although similar, are not *dependent* on each other. One transaction could have been completed as planned and the other may not have gone according to plan. Each represents a distinct offense.

## 3. THE RELATIONSHIP OF COUNTS 5, 6 AND 7

We hold that, for the same reasons given above (subsection 2), Counts 5, 6 and 7 do not allege one offense but are separate and distinct offenses.

## 4. THE RELATIONSHIP OF COUNT 1 TO COUNTS 2, 3, 4, 5, 6, AND 7

The defendant argues here that Counts 2 through 7 of the indictment embody a continuous single offense as the object of the conspiracy alleged in Count 1. Apparently, defendant's contention is that, since the substantive offenses charged in Counts 2 through 7 also are listed as overt acts in the single conspiracy alleged, the transactions charged as the objects of that conspiracy can only culminate in one offense.

The problem with this argument is that the hypothesis precedes the premise and the premise ignores the critical difference between a conspiracy charge and a substantive charge. It is well-settled that conspiracy to commit an offense and the offense itself are distinct crimes that may be separately charged and punished. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180,

90 L.Ed. 1489 (1946); *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Toombs*, 497 F.2d 88 (5th Cir. 1974); *United States v. Bally Manufacturing Co.*, 345 F.Supp. 410 (E.D. La.1972); *United States v. Boyle*, 338 F.Supp. 1028 (D.C.1972). Moreover, one conspiracy may result in violations of several substantive statutes. *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. DiStefano*, 361 F.Supp. 971 (M.D.Fla.1973); *United States v. Bally Manufacturing Co.*, 345 F.Supp. 410 (E.D.La.1972).

## B. DOUBLE JEOPARDY

Mr. Passman argues that, to permit him to be tried both under Section 201(c)(1) and 201(g), for the same allegedly criminal act would risk placing him in double jeopardy. It is a basic principle of criminal law that double jeopardy applies only when there is a second prosecution, or a subsequent prosecution after a prior pleading of guilty on the same offense. 1B J. Moore, Federal Practice, ¶ 0.418[2], at 2751 (2d ed. 1974). The case cited by the defendant, *United States v. Umans*, 368 F.2d 725 (2d Cir. 1966), did not discuss double jeopardy. In *Umans*, the court found subsection (f) to be a lesser included offense of (b) under 18 U.S.C. § 201 and therefore punishment under both to be improper, but it did not concern double jeopardy.

. . . Therefore, the correct relationship between § 201(b) and § 201(f) is that § 201(f) is a lesser included offense of § 201(b). There is no reason to believe that Congress intended that there should be concurrent convictions and sentences under both sections, and we should not allow multiple convictions based on the same transactions even where the sentences are concurrent. The sentences on the lesser § 201(f) counts therefore are vacated.

*Id.* at 730.

## C. COMPROMISE VERDICT

Congressman Passman finally argues that charging him under both subsections of Section 201 for each transaction presents a danger that the defendant may suffer by a compromise. The defendant argues that rather than risk a compromise by the risks inherent in explaining to the jury the difference between guilt under subsection (c)(1), guilt under subsection (g), and innocence, the prosecution should be forced from the outset to proceed under one subsection of Section 201. The authority cited in support of this position is *United States v. Brewster*, 165 U.S.App.D.C. 1, 18, 506 F.2d 62, 79 (1974). *Brewster*, cannot be read as authority for compelling the prosecution to elect between counts. Senator Brewster was indicted on bribery under § 201(c)(1). The prosecution asked for instructions on a lesser included offense of § 201(g), which the trial court granted. The court of appeal reversed the conviction on § 201(g) because the trial court had failed to instruct the jury properly. The court did not hold that the government could be compelled to elect, but rather that the prosecution might wish to pursue the safer course of proceeding under only one of the subsections.

## III. CONCLUSION

In summary and conclusion we find that neither 18 U.S.C. § 201(c) or (g) is unconstitutionally vague or overbroad.

We find that the motion to dismiss or compel election of counts is not appropriate at this stage in the proceeding.

Accordingly, both motions herein are denied.