**UNITED STATES of America,
Appellant,**

v.

**Jesse R. HARE, Appellee.**

**No. 79–5231.**

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1980.

Decided April 16, 1980.

signed to conceal the transaction through the efforts of the head of a foundation, after the defendant had concluded an audit recommending that the foundation retain its tax-exempt status. The district court ruled that the prosecution was barred by the five-year statute of limitations and dismissed the indictment. We affirm.

Joseph A. Fisher, III and Theodore S. Greenberg, Asst. U. S. Attys., Alexandria, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va., Alan J. Sobol, Sp. Asst. U. S. Atty., Washington, D.C. and Carrie Schnelker, Student Asst., on brief), for appellant.

Stephen S. Mitchell, Alexandria, Va. (Douglas E. McKinley, McKinley & Schmidtlein, Alexandria, Va., Scott P. Crampton, Bogan & Freeland, Washington, D.C., on brief), for appellee.

Before WINTER, BUTZNER and PHILLIPS, Circuit Judges.

WINTER, Circuit Judge:

Defendant, Jesse Hare, was indicted for violating 18 U.S.C. § 201(g) which makes it unlawful for a public official to receive "anything of value" because of the performance of an official act. The indictment charges that the defendant, a former Internal Revenue Service Agent, received an $11,000 loan with favorable interest and payment provisions and in a manner de-

## I.

The sole issue before us is the application of the federal five-year statute of limitations, 18 U.S.C. § 3282, to the defendant's alleged crime. The indictment was returned in 1979, and it alleges that the defendant received the loan in 1970. To avoid the manifest bar of the five-year limitation, the government argues that the defendant continued to receive the benefits of the loan (a favorable interest rate, liberal payment provisions, and an absence of late payment penalties) until he paid off the debt in January, 1975. Thus, it is asserted, the defendant received things of value during 1974 and early 1975, within five years prior to the date that the indictment was returned.

The district court rejected this argument, found that the alleged violation of the statute occurred in 1970, and dismissed the indictment against the defendant. We think that the district court acted correctly. In 1970 when the loan was made, defendant received the contractual rights to pay a favorable interest rate, to pay the loan under liberal payment provisions, and to be exempt from late payment penalties. His payment of the loan thereafter was the result of the beneficial concessions he was given through the contract concluded in 1970.

If the government's argument were accepted, the term of the loan would determine the application of the statute of limitations. For example, a twenty-five year loan would permit prosecution under § 201(g) thirty years after the terms of the loan had been fixed and the loan proceeds had been received by the errant public official. Such a result would be contrary to the Supreme Court's admonition in *Toussie v.*

*United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), that federal statutes of limitations should be applied strictly in order to further the congressional policy favoring repose. *See also Carroll v. United States,* 326 F.2d 72, 85–86 (9 Cir. 1963); *United States v. Sloan,* 389 F.Supp. 526 (S.D.N.Y.1975).

Therefore, like the district court, we conclude that the statutory period began running when the loan was received by the defendant in 1970, and that the statutory period did not begin to run anew each time the defendant made a payment subject to a favorable interest rate or missed a payment without suffering a late payment penalty.

## II.

In its brief and in oral argument before us, the government contends that defendant received additional things of value, besides the conditions of the loan agreement, within the five-year period, namely forebearance on the part of the creditor from initiating remedial legal action after a prolonged series of defaults. This argument does not aid the government in this case, however, because the indictment specified that the receipt of "a loan of $11,000 with favorable interest and payment provisions" was the "anything of value", the receipt of which was in violation of the statute. The indictment did not allege receipt of things of value other than the loan and its favorable terms. Thus, the indictment was based solely on the 1970 loan; and, since we must decide the case on the basis of the facts alleged therein, it was properly dismissed as time-barred. Our holding is thus limited to the facts alleged in the indictment. If the government is aware of other violations of the statute which are not barred by the statute of limitations, defendant may be indicted for violating § 201(g) based on those incidents.

Affirmed.

1. The applicable statute of limitations, 18 U.S.C. § 3282, is five years. Consequently,

BUTZNER, Circuit Judge, dissenting:

My analysis of this case begins with the indictment, which was returned March 22, 1979. After describing Jesse R. Hare's position in the Internal Revenue Service and the official acts he performed, the indictment charges:

A. . . .

8. On or about May 29, 1970 . . . Hare received a thing of value . . . a loan of $11,000 with favorable interest and payment provisions . . . at the direction of [the taxpayer].

B. From on or about March 1974 through . . . January 1975 on a continuing basis . . . Hare . . . did . . . receive . . . something of value for himself, that is: favorable interest and payment provisions on the $11,000 loan described in Paragraph 8 . . . because of his official acts performed and to be performed by . . . Hare.

I have no doubt that the indictment charged that Hare persisted in a continuing course of conduct from March, 1974, through January, 1975.[1] It fairly apprised him that he was charged with receiving something of value—the use of $11,000 at a favorable interest rate—during the specified period of time.

The critical issue is whether 18 U.S.C. § 201(g), which Hare is charged with violating, describes a continuing offense. This statute provides:

Whoever, being a public official, . . directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him . . . shall be [punished].

*Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970), explains that a statute should not be construed as defining a continuing offense "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such

Hare could only be prosecuted for an offense that occurred after March 22, 1974.

that Congress must assuredly have intended that it be treated as a continuing one.

Section 201(g) satisfies the test prescribed in *Toussie.* Its text explicitly punishes not only the initial agreement to receive anything of value, but also the receipt of anything of value for the performance of an official act. This is the construction placed on a similar statute by *United States v. Driggs,* 125 F. 520 (C.C.E.D.N.Y.1903), the only case apart from those dealing with conspiracies,[2] that I have found which applies the statute of limitations to the acceptance of a bribe by a public official. *Driggs* dealt with a congressman who agreed to accept a bribe payable in installments. The receipt of each installment was charged in a separate indictment. Overruling demurrers to the indictments, the court ruled:

> In point of time, as each payment was made an offense under the statute was committed, and so far as such payments were made within three years before the indictments were found the indictments may be based thereon. 125 F. at 524.

The loan agreement required Hare to repay the principal in full, so its true economic benefit to him was the use of the money at a favorable interest rate. This economic benefit constituted the continuing receipt of something of value which the statute was enacted to punish. The statutory phrase "anything of value" should not be restricted to the making of the loan in 1970. It is broad enough to encompass the actual economic benefit of the loan.

Because Hare enjoyed the use of the money at a favorable rate from March, 1974, through January, 1975, he received something of value within the meaning of § 201(g) during these years. I believe that his prosecution was not barred by the five-year statute of limitations. I would vacate the order of dismissal and remand the case for further proceedings.

2. *See, e. g., United States v. Seuss,* 474 F.2d 385 (1st Cir.1973); *United States v. Garmatz,* 445 F.Supp. 54 (D.Md.1977).