### UNITED STATES of America

v.

### Conrad HIPKINS and Automated Sciences Group, Inc.

### Crim. No. S–90–0453.

United States District Court, D. Maryland.

Feb. 12, 1991.

---

Breckinridge L. Willcox, U.S. Atty., Dale P. Kelberman, William K. Meyer, Asst. U.S. Attys., Baltimore, Md., for U.S.

Michael Schatzow, Catherine L. Schuster, Venable, Baetjer & Howard, Baltimore, Md., Jacob A. Stein, Stein, Mitchell & Mezines, Washington, D.C., for defendant Conrad Hipkins.

James J. Graham, Jones, Day, Reavis & Rogue, Washington, D.C., for defendant Automated Sciences Group, Inc.

## MEMORANDUM OPINION

SMALKIN, District Judge.

In a four-count indictment, defendants have been charged with conspiring with Richard Ramirez, a former civilian employee of the Navy (Count I), bribing Mr. Ramirez in return for favorable treatment regarding certain Navy contracts (Counts II and III), and using a facility in interstate commerce with the intent to commit bribery (Count IV). Defendants now move to dismiss the entire indictment against them, based upon the Government's alleged creation of prejudicial pretrial publicity. They additionally seek to dismiss Counts II, III, and IV, on the grounds that these charges are barred by the statute of limitations and that they fail to state offenses. No hearing is necessary to decide these motions. Local Rule 207, D. Md.

I. *Motion to Dismiss for Deliberate Creation of Prejudicial Pretrial Publicity*

■ Defendants claim that a press release issued on December 4, 1990, by the Office of the United States Attorney for

the District of Maryland violates Local Rule 204, and that the indictment should therefore be dismissed. In general, the press release tracked the language of the indictment and announced that the defendants had been charged with conspiring to bribe Mr. Ramirez in order to receive favorable treatment concerning Navy contracts. The objectionable portion of the press release states that "[e]arlier this year, Ramirez was sentenced in federal court in New York for his involvement in the Wedtech scandal and is currently serving a year in prison." Mr. Ramirez is not a defendant in this case, but he is mentioned throughout the indictment.

Local Rule 204 governs the release of information regarding cases pending in this Court. The rule states in pertinent part:

1. Generally

An attorney shall not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if there is a *reasonable likelihood* that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice.

. . . .

3. Pretrial

From the time of … the indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release, for dissemination by any means of public communication, of any extra-judicial statement concerning:

. . . .

d. The identity, testimony, or credibility of prospective witnesses, except that the lawyer may announce the identity of the victim if the announcement is not otherwise prohibited by law; …

Local Rule 204, D. Md. (emphasis added).

After reviewing the press release and the three newspaper articles attached as exhibits to the defendants' motion, the Court concludes that the motion must be denied, because there was no violation of Local Rule 204. The fact that Mr. Ramirez could be a witness at trial does not, in this case, result in a violation of the rule's prohibition on releasing information, given Mr. Ramirez's role as the alleged target of the bribes in the offenses charged in the indictment. Neither the press release nor the media coverage mentioned that Mr. Ramirez would be a witness; they merely repeated matters of public record, though, perhaps, the prosecution's publicity could have been more circumspect. Even if the Court were to have found a violation of the rule, dismissal of the indictment would be inappropriate in this case, because it is highly unlikely that either the press release or the articles will deny the defendants a fair trial, given the early stage at which they were published. By releasing the fact that Mr. Ramirez, the man defendants allegedly bribed, was involved in the "Wedtech" scandal, the U.S. Attorney's Office might have increased the likelihood that newspapers would cover the story; however, the resulting media attention is slight, and possible resulting jury prejudice can be easily guarded against during voir dire. *See Wansley v. Slayton,* 487 F.2d 90 (4th Cir.1973), *cert. denied,* 416 U.S. 994, 94 S.Ct. 2408, 40 L.Ed.2d 773 (1974). Accordingly, defendants' motion to dismiss the indictment for deliberate creation of prejudicial pretrial publicity will be denied.

## II. *Statute of Limitations*

Defendants also move to dismiss Counts II, III and IV of the indictment on the grounds that prosecution is time-barred. Counts II and III state that on August 18, 1986, and on January 24, 1987, the defendants did:

give a thing of value, that is $2,000 more or less, to Richard Ramirez because of his position as a public official, that is an employee of the United States Navy employed as Director of the Office of Small and Disadvantaged Business Utilization, with intent to influence Richard Ramirez in the performance of his official acts.

Indictment, at 8, 9. Count IV alleges that on or about August 18, 1986, the defendants violated the Travel Act, 18 U.S.C. § 1952(a)(3), by using interstate banking

facilities to carry on "an unlawful activity, to wit: bribery offenses in violation of Title 18, United States Code, § 201(b)...." Indictment, at 10. The applicable statute of limitations is five years. 18 U.S.C. § 3282.

■ Defendants contend that although Counts II through IV charge them with violations in 1986 and 1987, the factual assertions in the indictment illustrate that the alleged bribery actually occurred in 1982. Under the federal bribery statute, they argue, any crime is complete upon an offer or promise to influence. Because the alleged agreement was made in this case in 1982, defendants believe the charges to be time-barred.

Defendants have apparently misread the bribery statute, which states as follows:

(b) Whoever—

(1) directly or indirectly, corruptly *gives, offers or promises* anything of value to any public official or person who has been selected to be a public official ... with intent—

(A) to influence any official act; or

(B) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; ...

[shall be guilty of an offense against the United States].

18 U.S.C. § 201(b) (emphasis added). The statute thus makes it illegal to give, offer, *or* promise anything of value. Here, Counts II and III charge the defendants with utilizing one of these three methods of violating the statute, namely that they did "*give* a thing of value, that is $2,000 more or less," in both 1986 and 1987. Indictment at pp. 8, 9 (emphasis added). Count IV charges defendants with violating the Travel Act based upon the alleged bribery activity in 1986. The defendants are not charged in Counts II through IV with possible violations occurring before 1986, and accordingly, Counts II, III and IV are not time-barred.

Contrary to defendants' assertions, *United States v. Hare*, 618 F.2d 1085 (4th Cir.

1980), does not require a different result. In *Hare*, the defendant was indicted in 1979, under old 18 U.S.C. § 201(g) (currently § 201(c)), for receiving a gratuity in the form of a favorable loan made to him in 1970. The Fourth Circuit rejected the Government's tenuous argument that the defendant continued to receive "things of value" while he was paying off the loan, *viz.* a favorable interest rate and liberal payment provisions. *Hare* does *not* state, as defendants argue, that the statute of limitations is triggered by the agreement and that subsequent payments are thus not separate crimes. The *Hare* Court specifically noted that the defendant could be indicted for receiving, following to the tainted agreement, "things of value" within the period of limitations. *Hare*, 618 F.2d at 1087.

### III. *Failure to State an Offense*

■ Defendants' final contention requires interpretation of 18 U.S.C. § 201(b), the federal bribery statute. Because Mr. Ramirez was admittedly not a public official at the time of the alleged payments in 1986 and 1987, the argument runs, Counts II and III must be dismissed because the bribery statute does not apply to former public officials. If Counts II and III fail to state a claim, then Count IV must likewise be dismissed, because Count IV charges a violation of the Travel Act based solely upon the predicate offense of § 201(b). Thus, the issue before the Court is whether § 201(b) prohibits payments to *former* public officials.

A straightforward reading of the statute supports the defendants' argument:

(b) Whoever—

(1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

(A) to influence any official act; or

(B) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person;

[shall be guilty of an offense against the United States].

18 U.S.C. § 201(b). For purposes of § 201, the term "public official" means any:

Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror.

18 U.S.C. § 201(a). On its face, § 201(b) does not apply to payments given to former public officials. This common sense interpretation of § 201(b) is bolstered when it is compared to § 201(c), commonly referred to as the gratuity statute. Section 201(c), unlike § 201(b), expressly applies to "public officials, *former* public officials, and persons selected to be a public official" (emphasis added). Other courts have recognized this as significant distinguishing language, *see, e.g., United States v. Brewster,* 506 F.2d 62 (D.C.Cir.1974) (examining analogous statutes covering receiving a bribe and receiving a gratuity), and this Court cannot ignore it.

The Government urges the Court to read § 201(b) as a prohibition on any payment made *because* of someone's status as a public official, present or former. In other words, the Government believes it is irrelevant under § 201(b) that Mr. Ramirez was not a public official at the time the defendants allegedly paid him the bribes. The crucial factor, according to the Govern-ment, is that the bribes were made because of Mr. Ramirez's official position. It is true, as the Government states, that the bribery statute is violated even if the official involved did not have the actual power to perform the corrupt act. *Hurley v. United States,* 192 F.2d 297, 300 (4th Cir. 1951). But, in light of the plain language of the statute, this Court will not extend the principle of *Hurley* to this case, where the person who allegedly took the bribe was not then employed by the U.S. Government (and thus lacked even the apparent capacity to act officially).

The case of *United States v. Forszt,* 655 F.2d 101 (7th Cir.1981), cited by the Government, is not persuasive, because *Forszt* dealt with Hobbs Act extortion, 18 U.S.C. § 1951, not the bribery statute. Because of the clear language of the bribery statute, and in light of § 201(c), this Court holds that it is not an offense under § 201(b) to give money to a former public official.

An interpretation of this sort, the Government argues, creates a loophole, and will persuade corrupt public officials to defer the receipt of bribes until after their departure from office. However, a plain reading of § 201(b) will not improperly create a loophole, for two reasons. First, the mere promise or offer of a bribe *is* illegal under the bribery statute. Second, and more importantly, there is not a loophole because the alleged conduct at issue—giving money to *former* public officials—is already clearly illegal under the gratuity statute, § 201(c), which was not charged in this case.

■ The question thus becomes whether the defendants can be tried under the current indictment for a violation of § 201(c), or whether Counts II through IV (Count IV depending necessarily upon Counts II and III) must be dismissed for failure to state an offense under § 201(b). A defendant "may be found guilty of an offense *necessarily* included in the offense charged," Fed.R.Crim.P. 31(c) (emphasis added), and the possibility of conviction for a lesser included offense is a sufficient reason for denying a motion to dismiss.

238

United States v. Ciongoli, 358 F.2d 439 (3rd Cir.1966). While several cases have held that § 201(c) is a lesser included offense of § 201(b), United States v. Crutchfield, 547 F.2d 496, 500 (9th Cir.1977); United States v. Umans, 368 F.2d 725, 730 (2d Cir.1966), cert. dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967), it is not a necessarily lesser included offense. United States v. Passman, 460 F.Supp. 912 (W.D.La. 1978); see also United States v. Brewster, 506 F.2d 62 (D.C.Cir.1974). An offense is necessarily included in another only if the elements of the lesser offense are a "subset" of the greater offense. Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1988). When comparing the two offenses in the case at bar, § 201(c) is not a "subset" of the offense charged (and is thus not necessarily an included offense), because it is possible under § 201(c), but not under § 201(b), to be convicted for giving something of value to a former public official. Accordingly, the defendants may not be tried under Counts II and III for violating the gratuity statute, and they may not be tried under Count IV for using interstate banking facilities with the intent to violate the gratuity statute, all because on the undisputed facts of the matter, the statute could not be violated by acts respecting a former official. Counts II through IV must therefore be dismissed, in that they fail to state an offense.

IV. Conclusion

For the above reasons, an order will be entered, separately, denying the defendants' motion to dismiss the indictment for deliberate creation of prejudicial pretrial publicity, but granting the defendants' motion to dismiss Counts II through IV of the indictment for failure to state an offense.

ORDER

For the reasons stated in a Memorandum Opinion of even date herewith, IT IS, this 12th day of February, 1991, by the Court ORDERED:

1. That the defendants' motion to dismiss the indictment for deliberate creation of prejudicial pretrial publicity BE, and the same hereby IS, DENIED;

2. That the defendants' motion to dismiss Counts II, III, and IV for failure to state an offense BE, and the same hereby IS, GRANTED.