UNITED STATES of America,
Plaintiff,

v.

Virginia AUBREY, Defendant.

No. 9:99–CR–06.

United States District Court,
E.D. Texas,
Lufkin Division.

May 18, 1999.

John Malcolm Bales, Assistant U.S. Attorney, Lufkin, TX, for plaintiff.

John Wesley Tunnell, Law Offices of Claude E. Welch, Lufkin, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On July 11, 1993, Defendant Virginia Aubrey successfully applied for widow's insurance benefits as the widow of one of her previous husbands, R.M. Aubrey. Defendant failed to inform the social security administration that she was then married to Richard Hubert. Had the defendant mentioned her existing marriage, she would not have qualified for benefits. Because she refrained, defendant began receiving a $476.00 widow's benefit check every month until the Social Security Administration realized there was a discrepancy in October, 1997, when Mr. Hubert filed for his own social security benefits and listed Virginia Aubrey as his wife.

According to 18 U.S.C. § 3282, the statute of limitations for "any offense, not capital," is 5 years. 18 U.S.C. § 3282. The question at issue in this case is whether the 5 year period has expired, or whether defendant's continued receipt of illegal funds from the Social Security Administration is a continuous event, in which case the statute of limitations has not yet run.

*United States v. Bustamante,* 45 F.3d 933 (5th Cir.1995) is controlling here. *Bustamante* involved a member of congress who accepted gratuities from a company illegally over a period of years. The defendant contended that the 5 year statute of limitations had run out because more than 5 years had passed since he accepted the first gratuity. In making this claim, the defendant relied on *United States v. Hare,* 618 F.2d 1085 (4th Cir. 1980), in which the defendant accepted an improper gratuity in the form of a loan with advantageous interest and payment requirements. The court in Hare ruled that the illegal gratuity was complete when the defendant received the loan, and that the statute of limitations could not be extended simply because the defendant continued to receive benefits (i.e. reduced interest payments) from the favorable terms of the original loan.

The 5th Circuit, in distinguishing *Hare* from *Bustamante,* focused on the crimes that each party was charged with. In the case of *Hare,* for example, the defendant's indictment charged him with one act of accepting a gratuity in 1970. Therefore, the 5th Circuit stated the defendant was not guilty of a continuous offense. However, in *Bustamante,* the indictment charged the defendant with accepting illegal gratui-

ties over a period of time. Consequently, the 5th Circuit reasoned, the defendant in *Bustamante*, unlike the defendant in *Hare*, was engaged in a continuous crime and the statute of limitations did not apply to all of the illegal gratuities. *Bustamante*,. 45 F.3d at 943.

The 5th Circuit's rationale behind *Bustamante* has been questioned, most notably by the 7th Circuit Court of Appeals, who, in *United States v. Yashar*, 166 F.3d 873 (7th Cir.1999), stated, "under the government's position, a prosecutorial decision regarding the scope of the charge would determine the running of the limitations period." *Yashar*, 166 F.3d at 878. Nevertheless, the 5th Circuit's holding in *Bustamante* has not been overruled.

Guided by *Bustamante*, defendant does not have a valid statute of limitations bar to prosecution. In her indictment, defendant is charged with having "[o]n or about July, 1993 and continuing thereafter until on or about July, 1998 ... knowingly converted money to her own use that rightfully belonged to the Social Security Administration." (See Indictment). Unlike *Hare*, this does not refer to a single event but, rather, continuous conversions of federal money. The defendant's motion to dismiss is denied.